A. M. HORNER V. THEODORE SCHINSTOCK.

No. 15,469.    (96 Pac. 143.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT — *New Trial — Cumulative Evidence.*
Evidence is not rendered non-cumulative, so as to afford a basis for demanding a new trial on the ground of newly discovered evidence, merely because it is to be furnished by a stranger to the litigation upon a matter otherwise covered only by the testimony of the parties.

Error from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed April 11, 1908. Affirmed. Opinion denying a petition for a rehearing filed June 6, 1908.

*C. W. Fairchild,* for plaintiff in error.

*George L. Hay,* and *L. F. Walter,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: A. M. Horner sued Theodore Schinstock upon a promissory note. Schinstock made a successful defense upon the ground that he had signed the note as a surety and had been relieved of liability by the conduct of the payee. The plaintiff prosecutes error and makes two principal contentions: (1) That an instruction that a surety might be released by an extension of time granted to the principal was defective in omitting to state that to have such effect an extension must be based upon a new consideration; and (2) that a new trial should have been granted upon the ground of newly discovered evidence.

If the instruction complained of was open to the objection made, the defect was abundantly cured elsewhere in the charge by an explicit statement of the character of consideration necessary to give an extension of time of payment the effect contended for. Moreover, a special finding returned by the jury upon another branch of the case compelled a judgment for the defendant, and made the instruction upon this phase of the matter immaterial.

The principal question submitted to the jury related to a conversation between the parties. The plaintiff testified to one version, the defendant to another, their testimony being in direct conflict. The newly discovered evidence upon which a new trial was asked was that of a bystander, who was said to have overheard the conversation and to be able and willing to testify that the plaintiff's account of it was correct. Manifestly this evidence was merely cumulative, and therefore not such as to require a new trial, unless it was given a different character by the fact that it was to come from a stranger to the action, whereas the only testimony on the subject given at the trial was that of the parties. Cumulative evidence is "additional evidence of the same kind to the same point." (12 Cyc. 992.) That certain testimony is given by a party to the litigation does not render it different in kind from that of any other witness. That the person testifying has an interest in the result of the controversy does, not place his evidence in a distinct class, but is only one of various considerations that may affect its weight. Evidence is not rendered non-cumulative, so as to afford a basis for demanding a new trial on the ground of newly discovered evidence, merely because it is to be furnished by a stranger to the litigation upon a matter otherwise covered only by the testimony of the parties, however strongly that circumstance may appeal to the trial court in a particular

case in determining whether justice would be subserved by setting aside a verdict.

The judgment is affirmed.

---

OPINION DENYING A PETITION FOR A REHEARING.

The opinion of the court was delivered by

MASON, J.: A petition for a rehearing in this case has been filed and has received careful consideration. The petition is denied, but in view of a suggestion that one of the claims of the plaintiff in error did not appear to have been fully considered this addition is made to the opinion already handed down:

The plaintiff contends also that a new trial should have been granted on the ground of surprise and because the defendant gave wilfully false testimony. The denying of the motion for a new trial implies a finding against this contention upon the facts. The merits of such a controversy can obviously be better determined by the trial court than upon review. We see no cause to disturb the finding made.