No. 36,150

FLAGO KING, *Appellant,* v. CONSOLIDATED PRODUCTS COMPANY, THE
TRAVELERS INSURANCE COMPANY, THE TRAVELERS INDEMNITY
COMPANY, and CECIL STALCUP, *Appellees.*

(157 P. 2d 541)

Opinion
filed April 7, 1945.

*Alden E. Branine,* of Newton, argued the cause, and *James L. Galle,* of Mc-
Pherson, and *Ezra Branine, Fred Ice* and *John P. Flinn,* all of Newton, were
on the briefs for the appellant.

*J. G. Somers,* of Newton, argued the cause, and *J. Rodney Rhoades* and
*George H. Lehmberg,* both of McPherson, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover damages for personal
injuries and to property resulting from a collision of motor vehicles.
Defendants prevailed. Plaintiff appeals from the order overruling
his motion for a new trial.

One ground of the motion presented to the trial court was—"The verdict is in whole or in part contrary to the evidence." In appellant's specification of errors that ground is considerably expanded. It is now stated as follows:

"Because the verdict is wholly contrary to and is not supported by the evidence and the pleadings."

Of course, we have no duty to consider the motion in its expanded form. However, in view of the fact the same conclusion must be reached we may treat the first ground of the motion as last stated. The verdict of the jury was:

"We, the jury impaneled and sworn in the above entitled case, do, upon our oaths, find for all the defendants *and assess no damages.*" (Emphasis supplied.)

The defendants, appellees, were the Consolidated Products Company, the driver of its truck and two insurance carriers. In addition to an answer each appellee filed a cross petition in which damages were sought from appellant. Appellant was traveling north on a paved highway between McPherson and Salina. Appellees' truck was traveling south. There was a black mark in the center of the highway. The vehicles collided. The respective parties testified they were well on their proper sides of the road when the collision occurred and the other party was on the wrong side of the road. There was testimony of a sheriff, who arrived soon after the collision, concerning physical facts and circumstances which he observed. Some of his testimony tended to corroborate the testimony of each of the parties relative to whether the collision occurred east or west of the center of the road. Appellant had a passenger with him who also had an action pending against appellees. His testimony coincided with that of the appellant.

Appellant insists the verdict cannot stand. The principal basis for the contention is that contributory negligence was not pleaded and that under the pleadings and evidence the jury was compelled to allow damages in favor of appellant or in favor of appellees on their cross petition.

It is unnecessary to analyze the pleadings or to narrate the evidence. Assuming appellant successfully might have urged his contention at some stage of the trial, it is clear this court cannot compel a new trial now. The court instructed the jury upon the doctrine of contributory negligence. It also expressly instructed the jury as follows:

"If you find that both the plaintiff and the defendants were guilty of negligence, then neither party can recover from the other, and your verdict must be for the defendants without naming any amount."

The purpose and function of instructions is to inform the jury concerning the issues joined by the pleadings and to advise it regarding the verdict, or verdicts, it is possible to render on evidence actually adduced. As shown by the above quoted instruction the jury was informed it was possible for it to render the precise verdict it did render. The above quoted instruction clearly was based upon the theory there was evidence in the record from which the jury could find both parties guilty of negligence. The record discloses no objection at the trial or on the hearing of the motion for a new trial to any instruction on the subject of contributory negligence or to the particular instruction above quoted. Moreover appellant does not now specify "erroneous instructions" as a ground for a new trial. Insofar as our review is concerned those instructions became the law of the case. Manifestly appellant is in no position now to insist a new trial should have been granted for the reason the jury failed to assess damages against one of the parties.

Appellant's contention that the verdict cannot stand is unsound for other reasons. He concedes there was evidence which, if believed, would bar his recovery. He, however, argues that if the jury concluded he was guilty of negligence it was required under the evidence to award damages to appellees. We have already indicated that under the instructions such a verdict was not a necessity. But supposing appellees were entitled to recover damages from appellant, did appellant, for that reason, have a right to demand a new trial? Clearly he did not. It was appellees' rights and not his rights that were adversely affected by the verdict which failed to assess damages against him. If appellant is correct it was appellees who were entitled to a new trial but they did not request it. They apparently were satisfied. They are not appealing. The question whether they would have been entitled to a new trial, had they requested it, is not before us for review.

It is urged the trial court could not have been satisfied with the verdict. We cannot agree. The trial court may have been, and apparently was, fully satisfied with a verdict which denied appellant the right of recovery. As stated, the court might have granted appellees a new trial had they requested it. Since, however, they no longer were insisting upon damages the court apparently was satis-

fied to let the verdict stand. There is nothing in the record to indicate the court was dissatisfied with the verdict. The record indicates the contrary. The court permitted the verdict to stand and rendered judgment thereon.

The second ground of the motion was—

"Newly discovered evidence, material for said plaintiff, and which he could not, with reasonable diligence, have discovered and produced at the trial."

Appellant operated a restaurant in Salina. The accident occurred between 12:00 and 1:00 p. m. on May 8, 1943, while appellant was returning to Salina from McPherson. The action was tried on December 14 and 15, 1943. The material portion of the affidavit of Jess Fisher, the newly discovered witness, was in substance:

Both he and appellant lived in Salina; he had known appellant approximately six years; he was also returning to Salina from McPherson on the day of the accident and was following appellant's car closely; he saw how the accident occurred; he helped remove appellant from the wreckage; he believed appellant was conscious but was so nearly knocked out that he did not recognize him or anybody else and became unconscious a few minutes before he was removed from the car; appellant was removed to a hospital; appellant's restaurant had been closed for several months; he did not know appellant had filed suit until December 24 when he stopped at the restaurant to inquire how appellant was getting along; appellant told him he had lost his suit; it was then affiant for the first time told appellant he was a witness to the accident.

The facts stated in Fisher's affidavit corroborated in detail the testimony of appellant and his passenger with respect to the manner in which the accident occurred.

The affidavits of appellant and of one of his attorneys offered in support of the motion for a new trial stated, among other things, that it was not known prior to December 24 that Fisher had been a witness to the accident. The last two affidavits contained other statements designed to disclose diligence in the discovery of evidence other than that used at the trial. There was some testimony of appellant at the trial that he was not unconscious at the scene of the accident but that he was suffering pain and had paid no attention to the effect of the collision on defendants' truck. The record does not affirmatively disclose the trial court overruled the second ground of the motion on the theory of lack of diligence in procuring the newly discovered evidence. We need not treat the subject of diligence and

for that reason have not narrated more fully the substance of the last two mentioned affidavits.

The record does disclose the court refused a new trial on the grounds the testimony of the newly discovered witness was cumulative and that in its opinion it was not probable the testimony would change the verdict. Appellant concedes the Fisher affidavit corroborates his own and his passenger's testimony 100 percent and is therefore cumulative in its nature. He argues, however, the testimony is different in character by reason of the fact it comes from a stranger to the action and therefore should have greater weight than the testimony of the parties, which was in direct conflict. He concludes justice compelled the granting of a new trial. That precise point was unsuccessfully urged under almost identical circumstances in *Horner v. Schinstock,* 77 Kan. 663, 96 Pac. 143. In that case, however, only the parties testified while in the instant case appellant had the advantage of another eyewitness, the passenger in his car. In the Horner case it was held:

"Evidence is not rendered noncumulative, so as to afford a basis for demanding a new trial on the ground of newly discovered evidence, merely because it is to be furnished by a stranger to the litigation upon a matter otherwise covered only by the testimony of the parties." (Syl.)

It is well settled that a party is not entitled to a new trial as a matter of right on the ground of newly discovered evidence which is merely cumulative in character. (*Horner v. Schinstock,* supra; *Pasho v. Blitz,* 99 Kan. 421, 162 Pac. 1161; *Rooney v. McDermott,* 121 Kan. 93, 246 Pac. 183.)

Assuming the testimony of Fisher might have greater weight than the testimony adduced by appellant it nevertheless remained in the sound discretion of the trial court to determine whether a new trial probably would produce a different result. (*Dobson v. Baxter Chat Co.,* 148 Kan. 750, 85 P. 2d 1.) The mere fact this court might believe the case was one where with propriety a new trial might have been granted would not justify disturbing the conclusion reached by the trial court. (*Pittman Co. v. Hayes,* 98 Kan. 273, 278, 157 Pac. 1193.)

When an affidavit of a newly discovered witness is presented in support of a motion for a new trial the trial court in a very real sense makes a finding of fact upon the question whether the evidence, if introduced, probably would result in a changed verdict. Judges might, and sometimes do, differ with respect to such a find-

ing of fact. The finding of a trial court upon that question, however, is conclusive, and will not be disturbed except where there is a clear abuse of discretion. (*State v. Stach,* 116 Kan. 187, 226 Pac. 238; *Ferguson v. Stewart,* 121 Kan. 749, 753, 250 Pac. 292.)

The trial court heard the evidence in this case and observed the witnesses. The court undoubtedly examined the affidavit of the newly discovered witness with considerable care. The court may have placed little, or no, credence in the recitals of the affidavit. We cannot say the court was compelled to be otherwise affected by the recitals. Upon judicial consideration of all the circumstances the court clearly was of the opinion the evidence probably would not change the verdict. Under such circumstances the denial of a new trial is not error. (*Hamilton v. Harrison,* 126 Kan. 188, 194, 268 Pac. 119.)

The judgment is affirmed.