Allan D. CAMPBELL, Appellant,

v.

Mandy Lea CLARK, Appellee.
No. 6169.

United States Court of Appeals
Tenth Circuit.
Oct. 30, 1959.

Francis A. McLane, Omaha, Neb., and William H. Stowell, Phillipsburg, for appellant.

Malcolm Miller, Wichita, Kan. (George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Fouls-

ton, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris and Gerald Sawatzky, Wichita, Kan., were with him on the brief), for appellee.

Before BRATTON, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

■■ Appellant was plaintiff below in a personal injury damage suit arising from an automobile truck collision involving both plaintiff and defendant as drivers. This appeal is from a judgment of no cause of action entered upon a jury verdict in the District of Kansas and presents the single question of whether or not the trial court erred in denying plaintiff's timely motion for new trial. The rule governing appellate review in such case is clear: The ruling should not be disturbed unless a clear abuse of discretion is shown. Gerson v. Anderson-Prichard Production Corp., 10 Cir., 149 F.2d 444; Marshall's U. S. Auto Supply, Inc. v. Cashman, 10 Cir., 111 F.2d 140; Stofer v. Montgomery Ward & Co., 8 Cir., 249 F.2d 285; Hobart v. O'Brien, 1 Cir., 243 F.2d 735. The sound exercise of judicial discretion may be tested by consideration of whether or not the grounds advanced for new trial make it reasonably clear that substantial justice has not been done and that a new trial would not constitute relitigation. Wilson v. Nu-Car Carriers, Inc., D.C.Pa., 158 F.Supp. 127, affirmed, 3 Cir., 256 F.2d 332. The grounds here urged in support of a new trial arise from an unusual and unfortunate situation not attributable to fault of the court, counsel or the jury. We believe that under the circumstances the trial court should have granted a new trial in the interest of justice.

■ In determining the proper verdict to be that of no cause of action the jury considered the testimony of but three witnesses relating to the physical facts of the accident: plaintiff; a Kansas state trooper; and the witness Parker, sheriff of Graham County, Kansas,

where the accident occurred.[1] Plaintiff testified that the collision occurred on a relatively straight and level stretch of highway during a snow storm; that he first observed defendant's car when it was traveling in a normal manner on the right side of the road, the car seemingly being under control; that when 30 to 35 yards away, defendant went into a spinning skid and ended with her car crashing into his truck, head on, in his line of traffic. The state trooper testified that he could not determine the point of impact from his investigation of the accident scene; that there was new snow upon the highway but that he had answered the accident call at a speed of 40 miles per hour and had no difficulty in keeping his car under control.

The defense consisted of an attack upon plaintiff's credibility and the insertion of the issue of unavoidable accident. The latter is, of course, a method of negativing actionable negligence upon the part of the defendant and the defense upon which the appellee placed her principal reliance. This is apparent both from defense counsel's opening statement and closing argument. Illustrative excerpts from the opening statement include:

"Our evidence will show that there had been snow in this area before, and that on the day in question, and Sheriff Parker will so testify, that the graders had been working, but there was snow packed on the road there at the scene of the accident, in addition to the fresh snow that was falling immediately before the time the collision occurred."

"We think the evidence will show that this was a black-top highway that sloped, more or less—I mean it is not absolutely level, it has a slope to it—that, as the defendant went along this roadway, it became covered with a new, smooth layer of snow, by which the sides and the

---

[1]. Defendant, suffering from retrograde amnesia, could give no account of the

actual collision or events immediately preceding.

center of the highway both become obstructed; that, in driving down the roadway, she was unaware of this hard-packed snow underneath the new blanket of snow, and, as was the plaintiff, undoubtedly, that one or both of the vehicles hit this hard-packed snow, and the new snow made the highway slick, and that one or both of the vehicles slid out of control and that this accident occurred."

"And I think, when you have heard all of the evidence, you will conclude that the cause of this accident was not the negligence of the defendant at all, but it was caused by the condition of the highway, * * * "

In the closing argument counsel stated:

"Now what is the evidence of the unbiased witnesses, the ones who have no interest whatever in this lawsuit? Ivan Parker came up here, and he explained to you, did he not, about how the trees were on the side of the road? He explained to you how there were these ridges or little places of ice or snow that had piled up there on the roadway. If you think Ivan Parker came down here under subpoena from Hill City, Kansas, to tell you something that wasn't true, then I don't know what's happened to our law enforcement agencies in this country. He had no reason to lie about it one way or the other. He said he was down there that very day in the morning, getting cattle off the road, and he said there was that snow there."

"I say to you, as nearly as I can figure out from the evidence, one or the other or both of the cars went out of control and skidded on the highway down there. It was slick. There was this other snow, it was packed, and the Court will tell you that the mere fact, and I think this is important, the mere fact that one car or the other slides off on a slippery highway and goes to the wrong side of the road, that fact, in and of itself, get that, the mere fact that one car slides on a slippery highway and goes across on the wrong side of the road or goes out of control, that, in and of itself, is not negligence and does not entitle the other party to recover."

"In the course of human life, sometimes accidents do happen for which nobody is responsible. Some of you have been out on the farm, lived on the farm, and you know accidents happen, and sometimes there are accidents for which nobody was responsible. I can't prove it, I wasn't there. In my own mind, that roadway was covered with a blanket of snow; sure, you could see the shoulders, it was covering these little ridges or hills of ice, whatever you want to call it, hard-packed snow. It was set snow, she came down there, or he came down the road, I don't know which car skidded first, whether one or both of them did, and it was a very terrible trap down there when the snow was laid over the top of that—or those little hills of ice, and the accident was caused not by what the defendant in this lawsuit did."

The only evidence in the record showing the existence of a pre-existing underpacked layer of ice and snow beneath the surface snow came from the witness Parker. Without detailing this witness' testimony we think it a fair summary to state that he intended to give and did give the impression to the jury that in the general area of the collision and at the actual point of collision a peculiar physical condition existed: unmelted ice covered by fresh snow so as not to be visible. And he supported his statement by testifying that the road was sheltered at that point by trees on both sides which prevented the normal melting that occurred elsewhere. He also stated that he himself had been over the area the very morning of the accident and before the

new snow and had actually had his car slip (presumably without fault on his part).

In an affidavit filed in support of new trial Sheriff Parker admitted his testimony was in error and expressed concern that he might have misled the jury. He states that he does not know if unmelted snow existed at any point in the immediate vicinity of the accident; that trees do not shelter the point of collision on both sides and that, in effect, he should limit his testimony to the fact that ice existed one-half mile away and that his car skidded in that area.

The case was submitted to the jury upon instructions which included an explanation of unavoidable accident. The instructions were manifestly correct and although defendant now places emphasis upon plaintiff's lack of exception to the instructions we do not believe such argument probes the essence of plaintiff's complaint on appeal. The grounds urged for new trial do not point to an error in the instructions but to a factual error upon which the defendant placed her reliance in urging the jury to apply the instruction. If in reality underlying ice existed at the point of collision so as, to quote defense counsel, to constitute a "trap" for the careful motorist such a defense should not be premised upon Sheriff Parker's testimony. His testimony was in error as far as his personal knowledge was concerned. And, since his testimony is the only evidence of underlying ice in the present record, a retrial will not constitute simple relitigation of identical legal and factual issues.

Sheriff Parker's affidavit indicates that he discovered that his testimony was in error as he retraveled the accident area on his way home from the trial. His good faith in giving original testimony and in pointing out his error by affidavit is not questioned. Counsel could not have anticipated the error nor its discovery in the exercise of reasonable diligence. And upon retrial Sheriff Parker's testimony would be neither cumulative nor impeaching in nature but would allow consideration of this witness' knowledge only to the extent that he now realizes it was worthy. Since we share the witness' concern that he misled the jury relating to an issue upon which the case may well have turned we hold that the trial court should have, in the exercise of a sound judicial discretion, granted a new trial.

Reversed with directions to grant a new trial.

PICKETT, Circuit Judge (dissenting).

While I recognize that a witness' recanting, after judgment, of the testimony he gave at a trial presents in any case an unsatisfactory situation, still I think that a new trial should be granted for that reason only in extreme cases and when the trial judge—not the appellate court—believes that there has been a miscarriage of justice and that in all probability a new trial will produce a different result.

The factual situation in the case at bar is quite clear-cut. An unfortunate collision occurred between two cars travelling in opposite directions in a severe snow storm which had covered the highway with snow and restricted visibility to about 100 yards. In describing the condition of the road at and near the scene of the accident, a local sheriff testified that the newly fallen snow covered packed snow remaining along the center of the highway from a previous storm. He expressed his belief that trees along both sides of the road prevented the snow in this area from melting as quickly as it did in other places. No description of the trees was given or any reference made as to their location along the paved highway.[1] There was no conflict in the testimony as to the severity of the storm, and the highway patrolman found the road "particularly hazardous" as he drove to the scene of the accident. Plaintiff testified that he first observed defendant's car when it was about 50 yards

---

1. It is doubtful if trees in Kansas would afford sufficient shelter or shade at Christmas time to prevent normal melting of snow on a road.

away and was traveling towards him in a normal manner in the proper lane of traffic; that when about 30 or 35 yards away, it suddenly went out of control, skidded across the center of the highway and collided head-on with his vehicle. This was the only evidence to support an inference of negligence on the part of the defendant. She defended upon the grounds that the collision was unavoidable.

Defendant's attorney, in his opening statement and in closing argument, referred to the testimony of the sheriff which related to the packed snow and ice underneath the new snow by way of a possible explanation of what caused the defendant's car to skid out of control. There was no testimony that the skidding was actually caused by the old snow or ice. After the trial, the sheriff made a further investigation of the permanent conditions of the highway at the scene of the accident and found that at that particular spot, there were trees on only the west side of the road. He then became concerned with the correctness of his testimony as to packed snow and ice being near the point of collision. He conferred with his wife who was able to remember that he had told her of his car slipping on the highway in the general vicinity of the collision on the morning of the day of the accident, before the new snow had begun to fall. He also examined weather records and reports for November and December of 1957 in an unsuccessful attempt to recollect the exact time of the snowfall in the Hill City area which preceded the storm on the day of the accident. However, he was certain there had been an earlier snowfall and he recalled that a few hours before the accident his car had skidded on some packed snow or ice about one-half mile north of the scene of the accident. In his post-trial affidavit, the sheriff stated that he never knew whether or not there was packed snow and ice at the place of the collision and had not meant to testify that such a condition existed south of the place where his car had skidded. He does not say, however, that there was no packed snow or ice on the highway in the vicinity of the collision, and the plaintiff made no showing that upon retrial there would be evidence that the icy condition did not exist.

The testimony of the sheriff, which he thought was wrong and misleading to the jury, pertained to physical facts which could have been ascertained by the plaintiff before the trial. Certainly it would not have been difficult to ascertain that there were trees on only one side of the road and there was no showing that a new trial would produce evidence that there was no packed snow or ice on the highway at the scene of the accident when the new snow fell. Having lost the case, plaintiff now wants another opportunity to investigate, with no showing as to what the result would be.

It appears that the condition of the road was such that under Kansas law an instruction on unavoidable accident was proper and should have been given even without the sheriff's testimony as to the trees and underlying snow. The driver of a motor vehicle is not liable for harm resulting when, without negligence, he loses control of his vehicle on a slippery roadway. "The mere skidding of a vehicle does not of itself constitute negligence as a matter of law unless it results from the driver's negligence." DeGraw v. Kansas City & Leavenworth Transp. Co., 170 Kan. 713, 228 P.2d 527, 531. An unavoidable accident implies that the accident was caused by some unforeseen and unavoidable event over which neither party had control. Carlburg v. Wesley Hospital and Nurse Training School, 182 Kan. 634, 323 P.2d 638; Knox v. Barnard, 181 Kan. 943, 317 P.2d 452; Schmid v. Eslick, 181 Kan. 997, 317 P.2d 459. Many accidents would not occur except for the negligence of the defendant or the plaintiff, or both of them. In such cases there is no issue of unavoidable accident, but if there is evidence from which a jury could reasonably conclude that there was neither negligence nor contributory negligence, a jury question is presented and an instruction on unavoidable accident is appropriate. Kreh

v. Trinkle, 185 Kan. 329, 343 P.2d 213. Without any evidence of underlying packed snow and ice, a jury might well have found that defendant's car went out of control due to conditions caused by the storm and not from the defendant's negligence.

Motions for new trial, on the ground that witnesses have made post-trial statements contrary to their testimony or have recanted their evidence after trial, are in the nature of those based upon newly discovered evidence. Such motions are not ordinarily granted unless a trial judge believes that the new or different evidence would, in all probability, change the result of the trial. Heald v. United States, 10 Cir., 175 F.2d 878, certiorari denied 338 U.S. 859, 70 S.Ct. 101, 94 L.Ed. 526; King v. Consolidated Products Co., 159 Kan. 608, 157 P.2d 541, 158 A.L.R. 1248, Annotation 1253; Taylor v. Ross, 150 Ohio St. 448, 83 N.E.2d 222, 10 A.L.R.2d 377; 39 Am.Jur., New Trial, § 169. In the King case, the court said [159 Kan. 608, 157 P.2d 544]:

> "Assuming the testimony of Fisher might have greater weight than the testimony adduced by appellant it nevertheless remained in the sound discretion of the trial court to determine whether a new trial probably would produce a different result. Dobson v. Baxter Chat Co., 148 Kan. 750, 85 P.2d 1. The mere fact this court might believe the case was one where with propriety a new trial might have been granted would not justify disturbing the conclusion reached by the trial court. Pittman & Harrison Co. v. Hayes, 98 Kan. 273, 278, 157 P. 1193.

> "When an affidavit of a newly discovered witness is presented in support of a motion for a new trial the trial court in a very real sense makes a finding of fact upon the question whether the evidence, if introduced, probably would result in a changed verdict. Judges might, and sometimes do, differ with respect to such a finding of fact. The finding of a

trial court upon that question, however, is conclusive, and will not be disturbed except where there is a clear abuse of discretion. State v. Stach, 116 Kan. 187, 226 P. 238; Ferguson v. Stewart, 121 Kan. 749, 753, 250 P. 292."

I am satisfied that there was no clear abuse of discretion in denying the motion. I am also satisfied that there was no miscarriage of justice and that upon retrial, the question of whether there was old snow and ice on the highway, which is not a critical issue in the case, will be relitigated, possibly with the same result as in the former trial.