No. 47,804

PRISCILLA BECHARD, *Appellant,* v. CONCRETE MIX & CONSTRUCTION INC., and THE CITY OF GREAT BEND, KANSAS, a Municipal Corporation, *Appellees,* and SANDRA L. MEYER, *Appellant,* v. CONCRETE MIX & CONSTRUCTION INC., and THE CITY OF GREAT BEND, KANSAS, a Municipal Corporation, *Appellees.*

(545 P. 2d 344)

Opinion filed January 24, 1976.

*William A. Hensley,* of Turner and Hensley, Chartered, of Great Bend, argued the cause, and *Lee Turner* and *Raymond L. Dahlberg,* of the same firm, were with him on the brief for the appellants.

*Jerry M. Ward,* of Hampton and Ward, of Great Bend, argued the cause for the appellee, Concrete Mix & Construction Inc., and *Edward R. Moses,* of Great Bend, argued the cause for the appellee, City of Great Bend, and were on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This appeal involves two actions to recover damages for personal injuries arising out of an automobile collision. The actions were consolidated and were tried before the same jury. The plaintiffs-appellants are Priscilla Bechard and Sandra L. Meyer, who were passengers in the automobile involved. The defendants-appellees are the Concrete Mix and Construction Inc., and the city

of Great Bend, Kansas. We will refer to them as Concrete Mix and the city. The facts in this case are not greatly in dispute and are essentially as follows: On January 1, 1971, at approximately 1:00 a. m. an accident occurred on a street which was undergoing extensive improvements in Great Bend. Concrete Mix, a construction contractor, was engaged in the repair, improvement and construction of Main Street between Seventh and Tenth Streets. This work was being performed under the supervision and control of the Kansas State Highway Commission. The project was being carried out in accordance with a contract between the state highway commission and the city of Great Bend. The contract between Concrete Mix and the commission provided that Main Street would be closed to public travel between Seventh and Tenth Streets while the construction project was in progress. Barricades were placed on Main Street at a point just north of Seventh and Main and at a point just south of Tenth and Main. There were also barricades placed on the extreme west edges of Main Street where it intersected Eighth and Ninth Streets. The commission established a detour from Seventh Street, traffic going one block east then north on Kansas Avenue to Tenth and then back to Main. The construction area on Main Street was not completely closed to all traffic. There were openings left in the barricades at Seventh and Eighth Streets to allow local traffic to reach homes and businesses located on the closed street. It was undisputed that all of the signs and barricades conformed to requirements of the state highway commission. Barricades had also been placed across the driveway of the Knights of Columbus Club which was located on the southwest corner of Eighth and Main.

On December 31, 1970, the plaintiff, Priscilla Bechard, and her friend, Danetta Schartz, decided to attend a party that night at the Knights of Columbus Club with the plaintiff, Sandra Meyer, and two other girls. Danetta Schartz drove the car with the other women as passengers to the club. To get there Danetta Schartz drove south on Williams Street, the street just west of Main, turned into an alley and approached the Knights of Columbus parking lot from the west. Finding the parking lot full she drove through the lot onto Main and parked on Main in front of the Foster Lumber Company which was located on the northwest corner of Seventh and Main. There was evidence presented which showed that the barricades which blocked access from the parking lot of the Knights of Columbus Club to Main Street had been removed by persons

unknown after they had been checked earlier that same evening by employees of Concrete Mix. At about 1:00 a. m. the girls decided to leave and go to the plaintiff Bechard's home which was located to the north of the Knights of Columbus Club. Danetta Schartz backed her car out of her parking space clear across Main Street to the east, turned, and drove north on Main Street in the construction area. The automobile struck a road grader which was parked on Main Street about 21 feet from the curb and about 35' feet south of Ninth Street. In this collision the plaintiffs suffered the personal injuries which brought about this litigation.

There was testimony of several witnesses that cars were using or traveling on Main Street in the construction area prior to the time of this accident and during the construction period both during the day and the night. The women in the car testified on direct examination that they saw no signs or barricades on Main Street, that they proceeded north and that there were no lights, barricades, or signs immediately around the road grader. There was undisputed evidence that the maintainer was parked under a street light which was lit at the time of the accident and that the street was in the general lighting condition of that of a business street illuminated by street lights. On cross-examination both of the plaintiffs testified that they knew of the barricades on Main at Seventh and Tenth Streets and that they knew the construction project was in progress. There was evidence that after the barricades had been removed by persons unknown from in front of the parking lot at the Knights of Columbus Building, they were placed across Main Street close to its intersection with Eighth Street. The plaintiff, Priscilla Bechard, testified that prior to December 31, she was familiar with the barricades at Tenth and Main and that when the Schartz vehicle drove through the parking lot of the Knights of Columbus Building and parked on Main Street, she saw cars which were not parked in a normal pattern on Main Street and that she saw the barricade across the street at the Seventh Street intersection. The plaintiff, Sandra Meyer, testified that when they parked on Main Street, they parked beside the barricade and when they left the Knights of Columbus Club she was aware of the barricades at Seventh and Tenth on Main Street and knew they were erected in connection with the construction project which was underway at the time.

In each of their petitions the plaintiffs alleged that the employees of Concrete Mix had "negligently parked a road maintainer in the

middle of said street, and negligently left said street in so dangerous and improper state by reason of the lack of lights or barriers, that on January 1, 1971, at approximately 1:35 o'clock A. M., the automobile in which plaintiff was riding as a passenger collided with said road maintainer, causing injuries and damages to plaintiff. . . ." Each of the plaintiffs further alleged that the accident resulting in injuries and damages to the plaintiff, was proximately caused by the negligence of the defendants. Concrete Mix and the city filed separate answers to each of the petitions, denying that the collision was due to the negligence of that defendant and alleged that the proximate cause of the collision was the negligence of Danetta Schartz in operating her automobile in a negligent manner. Each of the answers also raised the affirmative defenses of contributory negligence on the part of each plaintiff. The pleadings were based solely on the theory of negligence. The pretrial order filed in each case showed clearly that the issue of liability was to be determined on the basis of alleged negligent conduct on the part of Concrete Mix and the city of Great Bend and the alleged contributory negligence of each of the plaintiffs. Following the pretrial conference the two cases were tried together by a jury. The case was hotly contested and ably tried by counsel for all parties involved. The jury brought in a verdict in favor of the defendants and the two plaintiffs have appealed to this court alleging trial errors.

The plaintiffs' points on appeal involve only the correctness of the court's instructions to the jury. There is no complaint as to rulings on the admissibility of evidence. Stated simply, it is our task to determine whether or not the trial court erred in its instructions presented to the jury and in failing to give certain instructions which were suggested by the plaintiffs. At the outset it would be helpful to consider some of the general principles which are to be applied by this court in determining whether or not instructions of the trial court are in error. They are as follows:

(1) The function of instructions is to advise the jury with respect to the law governing all issues joined by the pleadings upon which evidence is adduced and to advise the jury regarding the verdicts it is possible to render on the evidence actually adduced. (*King v. Consolidated Products Co.*, 159 Kan. 608, 610, 157 P. 2d 541, 158 A. L. R. 1248; *Schroeder v. Richardson*, 196 Kan. 363, 411 P. 2d 670; *Forney v. Gerling*, 198 Kan. 613, 620, 426 P. 2d 106.)

(2) The jury should be instructed on the law applicable to the

theory of both parties so far as they are supported by any competent evidence. (*Prior v. Best Cabs, Inc.*, 199 Kan. 77, 427 P. 2d 481; *Albanese v. Edwardsville Mobile Home Village, Inc.*, 215 Kan. 826, 529 P. 2d 163.)

(3) It is not necessary for a court to instruct the jury on an issue made by the pleadings if not supported by the evidence. (*Forney v. Gerling*, supra.)

(4) Instructions should be impartial, accurate statements of the law and drawn with careful attention to supporting authorities. (*Schwartz v. Western Power & Gas Co., Inc.*, 208 Kan. 844, 854, 494 P. 2d 1113.)

(5) Instructions should be stated in brief, simple language that would be clear and understandable to laymen. (*Schwartz v. Western Power & Gas Co., Inc.*, supra.)

(6) Instructions should be general in nature insofar as possible, and should not be argumentative or unduly emphasize one particular phase of the case. Stated in another way, jury arguments should be left to the summations of counsel. (*Kerby v. Hiesterman*, 162 Kan. 490, 493, 178 P. 2d 194; *Huxol v. Nickell*, 205 Kan. 718, 473 P. 2d 90; *Schwartz v. Western Power & Gas Co., Inc.*, supra; *Hampton v. State Highway Commission*, 209 Kan. 565, 498 P. 2d 236.)

(7) A court should not single out a particular theory or circumstance and give it undue emphasis although the requested instruction correctly states the law. (*Schwartz v. Western Power & Gas Co., Inc.*, supra; *Kettler v. Phillips*, 191 Kan. 486, 488, 382 P. 2d 478.)

(8) Instructions are to be considered together and read as a whole, without isolating any one instruction. (*Huxol v. Nickell*, supra; *Hampton v. State Highway Commission*, supra.)

(9) If jury instructions properly and fairly state the law as applied to the facts in the case when considered as a whole, and if the jury could not reasonably be misled by them, the instructions should be approved on appeal. (*Klaus v. Goetz*, 211 Kan. 126, 505 P. 2d 726.)

With these general principles in mind we now turn to the instructions which were actually given to the jury by the trial judge in this particular case. The pertinent instructions which are involved here are as follows:

## No. 1

"The plaintiffs, Priscilla Bechard and Sandra Meyer, claim that they were injured and sustained damages as a result of the negligence of the defendants, Concrete Mix & Construction, Inc., and The City of Great Bend, Kansas, in failing to erect warning lights or barriers, or to maintain them in proper places, or in leaving a road maintainer in a place that created a hazard that should reasonably have been foreseen.

"For the plaintiffs to recover from Concrete Mix & Construction, Inc., the plaintiffs have the burden of proving that the company was negligent, as claimed, and that the negligence was the cause of the injuries.

"For the plaintiffs to recover from The City of Great Bend, the plaintiffs have the burden of proving that either:

"1. The city officials or employees were negligent, as claimed, and that the negligence was a cause of the injuries; or,

"2. The city's agent in this construction enterprise, The Kansas State Highway Commission, or its officials or employees, were negligent, as claimed, and that the negligence was a cause of the injuries; or

"3. That the Kansas State Highway Commission's agent in this construction enterprise, Concrete Mix & Construction, Inc., was negligent, as claimed, and that the negligence was a cause of the injuries.

"The defendants deny that they were negligent, but assert that even if they were, the injuries were the result of negligence of the plaintiffs:

"1. In riding in an automobile on a street under construction which they knew or should have known was closed to traffic.

"2. In riding in an automobile around and beyond the barricades.

"3. In permitting the automobile in which they were riding to be driven at an excessive rate of speed under the street conditions then existing.

"4. In failing to keep a proper lookout.

"5. In failing to speak out or take other positive action to avoid injury to themselves when they had knowledge, or, by the exercise of reasonable care, should have had knowledge of the circumstances then existing.

"The defendants have the burden of proof to establish that the plaintiffs were negligent in one or more of the particulars alleged and that the plaintiffs' negligence contributed as a cause of their injuries.

"If you find from all the evidence that plaintiffs have met the burden of proof on each of the issues concerning which the burden of proof rested upon them and that the defendants have failed to meet the burden of proof on any of their affirmative defenses, then you should return a verdict in favor of the plaintiffs.

"If, on the other hand, you find that plaintiffs have failed to meet the burden of proof of any of the issues concerning which the burden of proof rested upon them or that the defendants have met the burden of proof on any of their defenses, then you should return a verdict in favor of the defendants."

## "No. 2

### "MEANING OF BURDEN OF PROOF

"Burden of proof means burden of persuasion. A party who has the burden of proof must persuade you that his claim is more probably true than

not true. In determining whether he has met this burden you will consider all the evidence, whether produced by the plaintiff or defendant."

## "No. 3
### "NEGLIGENCE DEFINED

"Negligence is the lack of ordinary care. It is the failure of a person to do something that an ordinary person would do, or the act of a person in doing something that an ordinary person would not do, measured by all the circumstances then existing."

## "No. 4
### "CONTRIBUTORY NEGLIGENCE DEFINED

"Contributory negligence means negligence on the part of the plaintiff that results in his injury or loss."

## "No. 5
### "VIOLATION OF LAW CONSTITUTES NEGLIGENCE

"As standards of ordinary care, certain duties are imposed by law. They apply to persons who use the streets and highways. It is for you to decide from the evidence whether or not any of the following duties or laws apply in this case and whether or not any have been violated.

"The violation of a duty or law is negligence upon which a recovery, or denial of recovery, can be based when such negligence results in injury and damage."

## "No. 6

"A contractor who has entered into a contract to make a highway improvement shall, where the work so undertaken requires the closing of any highway or the rendering of the same impassable or dangerous to travel while said improvement is being made, place at the intersection of all streets and highways leading thereto, adequate barricades and warning signs. These shall advise the public that said highway is closed or is impassable or dangerous to travel. Such warning signs shall be illuminated in the night time by warning lights.

"If barricades or warning lights are moved out of place by others, the contractor has a reasonable time to replace them, measured by the existing circumstances that he knew, or by the use of reasonable care that he should have known. He is not required to immediately replace them unless he has actual knowledge of their removal."

## "No. 7

"Any negligence on the part of Danetta Schartz is not chargeable to plaintiffs, and will not bar a recovery for any injury plaintiffs received, if one or more of the defendants were negligent in a way that resulted in injury to the plaintiffs.

"However, if a passenger has knowledge of danger and the circumstances are such that an ordinary person would speak out or take other positive action to avoid injury to herself, then it is her duty to do what the ordinary person would do under the circumstances. Unless such knowledge and circumstances exist, she may rely upon the driver to attend to the operation of the vehicle."

Prior to the submission of the case to the jury, counsel for the plaintiffs objected only to Instruction No. 6 pertaining to the duty of a contractor. In addition counsel for the plaintiffs objected to the failure of the court to give certain requested instructions pertaining to the liability of a city for street defects and the duty of a contractor to comply with certain contract specifications relating to warning and safety practices to protect travelers on streets under construction. The instructions requested by plaintiffs involved on this appeal are as follows:

### "Instruction No. 1

"A city has a positive duty to keep its streets reasonably safe for travel day and night. This duty continues when its streets are undergoing work or repair, even though the work is being done by a private individual or company. The fact that a defect in a street or an unsafe condition on a street is caused by someone other than the city does not relieve the city of its positive duty to keep its streets safe for the public."

### "Instruction No. 2

"In order for a city to be liable for a street defect or unreasonably unsafe condition on a street, the city must have had actual or constructive notice of such defect or unsafe condition.

"In this case actual or constructive notice on the part of the Kansas Highway Commission, its agents, servants or employees, is equivalent to notice to the city because the Kansas Highway Commission is an agent for the city in all matters relating to the construction work in question.

"Therefore, if you find that a street defect or unreasonably unsafe condition existed at the time of the collision in question, and that the Kansas Highway Commission employees or the city employees had actual or constructive notice thereof, you must find for the plaintiffs and against the defendant city."

### "Instruction No. 3

"Constructive notice is defined as knowledge of facts for a sufficient length of time that one should reasonably presume a defect existed."

### "Instruction No. 4

"A contractor has a positive legal duty in the exercise of reasonable care to provide warning and precaution for the protection of persons in the area, and for those who could reasonably be expected to use the area in the night.

"This duty includes the duty to comply with all contract specifications relating to warnings and precautions, and the duty to take all other necessary precautions not specifically agreed upon by contract.

"A person using the streets of the city at night had a right to presume that all contractual precautions would be in effect where required until he has knowledge to the contrary or in the exercise of reasonable care should have had knowledge to the contrary."

### "Instruction No. 5

"In this case if you find that the defendant Concrete Mix, had not complied with the contract specifications relating to safety precautions or warnings

or had failed to take other necessary precautions or warning required, you must find for the plaintiffs and against the defendant, Concrete Mix.

"If the city had actual or constructive notice through its employees or Kansas Highway Commission employees that defendant, Concrete Mix, had failed to comply with the contract specifications or had failed to take other necessary precautions, then you must find for the plaintiffs and against the defendant, city."

The thrust of the plaintiffs' contentions is that the court's instructions on the issue of liability were erroneous for three reasons:

1. Instruction No. 6 erroneously stated the duties of a contractor under the conditions existing at the time of the collision in that the instruction states the requirements for closing of streets but does not state in any manner the obligation or duty of a contractor to exercise reasonable care in preventing injury to those who travel on the street.

2. The district court erred in refusing to grant requested Instructions No. 4 and 5 which set forth the duty of a contractor operating under a construction contract thereby failing to advise the jury that the failure of the contractor to comply with the contract provisions could be a ground upon which recovery could be had by the plaintiffs.

3. The district court erred in refusing to give the jury any instruction concerning the duty of the defendant city of Great Bend with regard to city streets under construction at the time of the collision as contained in plaintiffs' requested Instructions No. 1, 2, and 3.

The contract provisions referred to were contained in the contract between Concrete Mix and the state highway commission. They, in substance, required Concrete Mix to keep and maintain such danger lights, signals, and watchmen as may be necessary to insure the safety of the public; to protect all barricades and obstructions at night by lights or flashers to be suitably distributed across roadways; to provide suitable means for the entrance or exit of residents living along the road to use the road which is barricaded, but at the same time to exclude the general traveling public; and to use every precaution possible to safeguard the persons and property of the traveling public. It is the plaintiffs' position that the refusal of the district court to instruct the jury on these theories of recovery was prejudicial error.

We have considered the court's instructions as a whole and particularly the liability instructions 1 through 7 as set forth above. We have concluded that they fairly instruct the jury with respect

to the law governing all issues of fact raised by the pleadings to be presented to the jury for determination. The instructions as given afforded counsel for the plaintiffs a full and complete opportunity to present his theory of liability based on negligence to the jury. The only issues of fact pertaining to liability raised by the pleadings and by the pretrial order involved questions of whether or not there was negligent conduct on the part of the defendants, Concrete Mix and the city of Great Bend, and also on the part of the plaintiffs, Priscilla Bechard and Sandra Meyer. Instruction No. 1 set forth with specificity the claim of each of the plaintiffs that they were injured and sustained damages as a result of the negligence of both defendants in three respects: (1) In failing to erect warning lights or barriers, or (2) in failing to maintain them in proper places, or (3) in leaving a road maintainer in a place that created a hazard that should reasonably have been foreseen. That instruction further placed upon the plaintiffs the burden of proving that the contractor Concrete Mix was negligent *as claimed* and that negligence was a cause of the injuries. As to the city of Great Bend the jury was instructed that for the plaintiffs to recover against the city they had the burden of proving negligence on the part of either city employees or employees of the state highway commission or employees of Concrete Mix. In this instruction the jury was told clearly and unequivocally that if it found from all of the evidence that plaintiffs had met the burden of proof on each of the issues concerning which the burden of proof rested upon them (that is that the defendants or either of them were negligent) or that the defendants had failed to meet the burden of proof on their defense that the plaintiffs were negligent then the jury should return a verdict in favor of the plaintiffs. Instruction No. 2 defined burden of proof. Instructions No. 3 and 4 defined negligence and contributory negligence. Instruction No. 5 instructed the jury that the violation of a duty or law is negligence upon which recovery can be based.

Instruction No. 6 properly instructed the jury as to the duty of a contractor who is engaged in highway improvement to place adequate barricades and warning signs at the intersection of all streets and highways where the highway is closed or where the work renders the same impassable or dangerous to travel. It is true that this instruction does not set forth with particularity the duty of a highway contractor to exercise ordinary care for the safety of the public traveling over the road on which he is working by

providing and maintaining reasonable warnings and safeguards against hazards which exist in the area. Such duty, however, is inherently expressed in the instructions actually given by the court. Those instructions properly submitted to the jury the question of whether or not the contractor Concrete Mix had exercised ordinary care in failing to erect warning lights or barriers, or to maintain them in proper places, or in leaving a road maintainer in a place that created a hazard that should reasonably have been foreseen. We have concluded that, taken as a whole the instructions given by the trial court adequately explained to the jury plaintiffs' theory of liability of the contractor for negligence in the specific particulars claimed by plaintiffs.

The plaintiffs complain, however, that the district court erred in failing to give requested Instructions No. 4 and 5 which covered the duty of a contractor operating under a construction contract to comply with contract provisions. The plaintiffs maintain that they, as members of the traveling public, were third party beneficiaries under the contract made between Concrete Mix and the state highway commission. The fallacy in the plaintiffs' argument is that the plaintiffs did not rely in their pleadings on a theory of breach of contract as a basis of recovery. As pointed out above the sole theory presented on the issue of liability was negligence on the part of Concrete Mix. The contract was admitted into evidence and the plaintiffs' counsel had a full opportunity to argue to the jury that the provisions of the contract were evidence of negligence on the part of the contractor. Under the circumstances we cannot fault the trial court in refusing to single out the contract for special emphasis. The significance of the contractual provisions was properly left to the arguments of counsel in their summations.

Requested Instructions No. 1, 2, and 3 covered the plaintiffs' contention that a city has the duty to maintain in a reasonably safe condition a city street in an area under construction. In our judgment these proposed instructions were overly broad and did not correctly state the duty of the city of Great Bend which existed at the time of the collision in this case. If improvements are being made in a street, a municipality is not required to close the street to travel, but may temporarily place materials or obstructions thereon so as to make it dangerous, without incurring liability, provided reasonable care is exercised to warn the public of the danger occasioned by the obstruction. It is the duty of the city to post reasonably necessary warning signs and signals to protect

users of the street from dangers incident to the improvement. If the city fails in its duty, it may be held liable for injuries caused by the obstruction. (McQuillin Mun Corp, 3rd Ed., Vol. 19, § 54.98b.) In *Conley v. Kansas City,* 110 Kan. 95, 202 Pac. 607, a pedestrian was injured when she stumbled over pieces of iron pipe left in the parking at a time when the street was being repaved by a construction contractor under a contract with the city. In holding that neither the contractor nor the city was liable, this court stated that the city was in the exercise of its rights in improving the street and having the work done by the construction company. Both the city and construction company owed to the public the duty to take reasonable precautions to warn pedestrians of dangers in the street. In the opinion it is declared that the city is required to use only such means as are reasonably sufficient to warn pedestrians of the dangerous condition of the street. The test is whether the means employed are reasonably sufficient for the purpose intended. The trouble with the plaintiffs' requested Instructions No. 1, 2, and 3 is that they deny to the city its right to place obstructions or materials in the street so long as it uses means which are reasonably sufficient to warn travelers of the dangerous condition of the street. Under the factual circumstances presented in this case Main Street had been closed to general public travel and was limited to local traffic. The work undertaken for improvement of Main Street of necessity rendered that portion of the street dangerous to travel while the improvements were being made. Under the circumstances the city could not be required to keep the street in a reasonably safe condition, free from defects. It could only be required to warn travelers who might be in the area as to dangerous conditions existing. When the instructions given by the court are considered as a whole, the jury was properly instructed that the city would be liable if there was negligence on the part of either city employees, or employees of the state highway commission, or employees of Concrete Mix. In our judgment these instructions were sufficient to submit the issue of the city's liability to the jury. We cannot say that the trial court committed error in failing to give the instructions requested by the plaintiffs.

The judgment of the district court is affirmed.