**PACIFIC INTERMOUNTAIN EXPRESS CO. v. UNION PAC. R. CO.**

**DALTON et al. v. UNION PAC. R. CO.**

United States District Court
W. D. Missouri, W. D.
Jan. 24, 1950.

George L. Gisler of Reeder, Gisler & Griffin, Kansas City, Mo., for plaintiffs.

62

James C. Wilson of Watson, Ess, Whittaker, Marshall and Enggas, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The plaintiff has moved for a consolidation of the above causes. The case numbered 5999 is, as its title implies, an action for the death of the driver of a motor truck owned by the plaintiff in cause numbered 5181.

The plaintiff in said cause No. 5181 has sued for damages arising from the identical collision which it is claimed in case numbered 5999 caused the death of the decedent. It is obvious, therefore, that a common question of law and of fact is involved.

The defendant objects on the sole ground that one action is for death and the other for damages to property, and, moreover, that the defendant in cause No. 5181 has interposed a counterclaim upon the ground that the deceased driver was negligent in the operation of his truck.

These several contentions show that the cases should be consolidated as the identical evidence would be used in each case.

When the question of liability has been determined by a jury it would not be confused by the respective contentions of the parties on the measure of damages, though life as well as property is involved. Under Rule 42(a), Federal Rules of Civil Procedure, 28 U.S.C.A., the cases should be consolidated, and such an order will be made.

Interrogatories are authorized by Rule 33, Federal Rules of Civil Procedure. The interrogatories propounded by defendant are 13 in number and seek information relating to the position of the train and the motor vehicle operated by the decedent driver approximately at the time the collision occurred. In the objections to the interrogatories the plaintiff shows that the driver of the motor vehicle was killed or died shortly after the collision and that, therefore, no information concerning the relative positions of the train and the motor vehicle could be given save solely on hearsay. Moreover, it is contended that agents and employees of the defendant were present and that they are entirely familiar with the relative positions of the two moving instrumentalities.

Interrogatories 12 and 13 seek the names of witnesses to the accident or collision and whose names are known to the plaintiff. Under the law the defendant is entitled to this information. Rule 26(b), Federal Rules of Civil Procedure.

Accordingly, it will be ordered that the plaintiff Pacific Intermountain Express Company supply the names of witnesses as requested by the defendant. The objections of plaintiff to the first 11 interrogatories will be sustained.