**KNAB et al. v. PENNSYLVANIA R. CO.**

Civ. A. No. 9755.

United States District Court
W. D. Pennsylvania.
Jan. 4, 1952.

Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiffs.

John R. Bredin (of Dalzell, McFall, Pringle & Bredin), Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The question for determination arises out of interrogatories submitted by plaintiffs to defendant. As related to the problem, the following interrogatories and answers must be considered:

"Q. State in detail the manner in which the accident occurred? A. The reports and statements in defendant's possession concerning this accident are conflicting concerning the manner in which the accident occurred."

### Supplemental Interrogatory

"Q. What are the various versions as to the manner in which this accident occurred gained by the defendant from the reports and statements in defendant's possession, and from whom were each of the varying versions obtained?"

Defendant refuses to answer the supplemental interrogatory and contends it is beyond the scope of interrogatories provided for by Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.

The scope of interrogatories under Rule 33 is governed by Rule 26(b) which provides as follows:

"* * * may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts.

"It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

### Question

May a defendant, who in reply to a previous interrogatory stated that the reports and statements in its possession are conflicting in regard to the information requested, be compelled under the provisions of Rule 33 to state what are the various versions of the manner in which the accident occurred and from whom each version was obtained?

██ Under Rule 33 a party is entitled as of right to compel his adversary to make a full disclosure of all of the facts which the latter had learned, which are relevant to the subject matter of the pending action and unprivileged, including information as to the relevant statements and other documents in his control and the names and addresses of all persons having knowledge of relevant facts whom he or his agents have

interviewed. Alltmont v. United States, 3 Cir., 177 F.2d 971.

In this proceeding the defendant has served the plaintiffs with the names and addresses of witnesses from whom statements have been secured by the defendant, and plaintiffs' counsel is free to interrogate such witnesses and secure whatever statements from them that they are obliged to proffer.

██ Rule 33, however, does not give a party an absolute right to obtain either the text or a resume of the statements which the adverse party has obtained from the persons whom he or his agents have seen or interviewed. Having obtained information as to the existence, nature and location of the statements through interrogatories, the adverse party is in a position to move for their production under Rule 34 of the Federal Rules of Civil Procedure. However, said adverse party must in every case make the showing of good cause required by Rule 34 for their production. In other words, it must be shown that there are special circumstances in the particular case which make it essential to the preparation of said case and in the interest of justice that the statements be produced for inspection or copy. Alltmont v. United States, supra.

Since the plaintiffs have been furnished, through the defendant's answers to the interrogatory, with the names and addresses of the persons who made the conflicting statements in question, it is impossible for the Court to determine whether or not the plaintiffs will be able to show such special circumstances as would justify the production of the statements in question.

If the witnesses from whom statements have been taken by the defendant or interviewed by the plaintiffs prove obstinate or fraudulent or join collusively to misrepresent the facts on application being made to the court, such special circumstances may be found to exist as would justify appropriate relief being granted to the plaintiffs.

However, in view of the present status of the record, it is necessary to sustain the objection to the interrogatory.

An appropriate order is hereby entered.