## O'BRIEN v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

### No. 7741.

United States District Court
W. D. Missouri, W. D.

Feb. 16, 1953.

Hudson, Whitecraft & Cavanaugh, Kansas City, Mo., for plaintiff.

Blackmar, Newkirk, Eager, Swanson & Midgley, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Heretofore the court has ruled on very similar interrogatories. The defendant objects to Interrogatories numbered 3, 4, 5, 6, 7 and 8. These have been examined in the light of the authorities and purpose of Rule No. 33 Federal Rules of Civil Procedure, 28 U.S.C.A.

As has been repeatedly stated, the purpose of interrogatories is to simplify the issues and is not designed to be argumentative or to call for mere conclusions. Their function is to inform parties in advance of trial, and not to serve as a substitute for trial itself. The courts are at one on these propositions. Moreover, interrogatories should not impose upon the opposing party the duty to make the inquiries or conduct the investigations. The interrogatories in this case are violative of these principles.

Adverting to Interrogatory No. 3, plaintiff seeks to have the defendant "state the names and addresses of all persons then known to defendant who had knowledge of the circumstances attending the death of Kenneth L. O'Brien." There is no rule of law nor obiter dictum that would impose upon a party to furnish information of this kind. Moreover, it would be a mere conclusion as to whether such parties had knowledge of the circumstances.

Interrogatory No. 4 asks that defendant "state what facts were known to

defendant relating to the death of Kenneth L. O'Brien at the time of defendant's notice to plaintiff that it would decline or refuse to pay the 'double indemnity' benefits." The defendant is not required to make disclosure as to its knowledge of facts. Moreover, it would clearly be hearsay testimony.

■ Interrogatory No. 5 asks that defendant "state the name and address of all persons from whom the facts referred to in Interrogatory No. 4 had been obtained." This would be an inquiry of results of the investigation made by the defendant.

■ Interrogatory No. 6 asks if written statements were obtained, and to furnish the names of the persons whose statements were thus obtained. Clearly the defendant would have a right to prepare its case without disclosing in what manner it made its preparation and whether it had written statements or did not have written statements from individuals who might have known something about the facts.

■ Interrogatory No. 7 is repugnant to the rights of the defendant in that it asks for the names and addresses "of all employees of defendant who investigated the circumstances of the death, etc." This would not be evidentiary but would be merely prying into the efforts of the defendant to prepare its case.

■ The same thing is true of Interrogatory No. 8, which asks the defendant to "state the facts upon which defendant alleges 'that the death of Kenneth L. O'Brien was the result of or was caused by committing or attempting to commit an assault or felony, * * *.'" The plaintiff, in bringing her suit, should have some knowledge about these things. In fact, her position is superior to that of the defendant in acquainting herself with all of the details of the assured's death. The interrogatories are not conformable to the provisions of Rule 33, Federal Rules of Civil Procedure, and the defendant's objections should be and will be sustained.