**Matthew J. CONNELLY and T. Lamar Caudle, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 16213.**

United States Court of Appeals Eighth Circuit.

Nov. 9, 1959.

Rehearings Denied Dec. 14, 1959.

John H. Lashly, St. Louis, Mo., and Alan Y. Cole, Washington, D. C. (Jacob M. Lashly, Paul B. Rava, and Lashly, Lashly & Miller, St. Louis, Mo., on the brief), for appellant Matthew J. Connelly.

T. L. Caudle, Jr. (Walter M. Haynes, Winchester, Ky., C. Arthur Anderson, St. Louis, Mo., and John J. Hooker, Nashville, Tenn., on the brief), for appellant T. Lamar Caudle.

Oliver Dibble, Attorney, Department of Justice, Washington, D. C. (Malcolm R. Wilkey, Asst. Atty. Gen., and Donald C. Bush, Attorney, Department of Justice), Pittsburgh, Pa., for appellee.

Before GARDNER, VOGEL, and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Circuit Judge.

Appellants, with one Harry I. Schwimmer, were indicted for conspiracy to defraud the United States of the proper administration of Internal Revenue Laws and regulations and of the proper and faithful service of appellants, in violation of Section 371, Title 18 United States Code. We shall refer to appellants as defendants.

In the course of the trial Harry I. Schwimmer, who had been indicted with defendants, suffered a heart attack, whereupon a mistrial was granted as to him and the cause proceeded against the other defendants. The jury returned a verdict of guilty, but the trial judge departed this life before the entry of judgments. In due course, the Honorable Gunnar H. Nordbye, United States District Judge for the District of Minnesota, was designated as successor judge. Motions for judgments notwithstanding the verdict were presented to and denied by Judge Nordbye and judgments and sentences were thereupon entered. From the judgments and sentences thus entered defendants appealed to this court and the judgments of conviction were affirmed. 8 Cir., 249 F.2d 576. Defendants then petitioned the Supreme Court for certiorari, which was denied. 356 U.S. 921, 78 S.Ct. 700, 2 L.Ed.2d 716. They then applied for rehearing of their petition, which was likewise denied. 356 U.S. 964, 78 S.Ct. 991, 2 L.Ed.2d 1072. Defendants then applied for probation under Section 3651, Title 18 United States Code, which applications were denied. Each of the defendants then moved for a new trial on the ground of newly discovered evidence in the alleged available testimony of Harry I. Schwimmer, their co-defendant, as to whom a mistrial had been granted. These motions were denied on the ground, among others, that the evidence would not probably result in an acquittal if a new trial were granted. This appeal followed.

■ By way of preface, it may be stated that motions for new trial on the ground of newly discovered evidence are looked upon with disfavor and it is equally well settled that such motions are addressed to the judicial discretion of the trial court and its decision will not be reversed on appeal except for a clear abuse of that discretion. United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562; Long v. United States, 10 Cir., 139 F.2d 652; Casey v. United States, 9 Cir., 20 F.2d 752; United States v. Hiss, D.C.N.Y., 107 F.Supp. 128, affirmed 2 Cir., 201 F.2d 372; 23 C.J.S. Criminal Law § 1453, p. 1224. In Long v. United States, supra, the Court of Appeals for the Tenth Circuit, in affirming an order denying a motion for new trial on the ground of newly discovered evidence, states the applicable rule of procedure as follows:

"It is well settled that the matter of granting a new trial on after-discovered evidence rests in the sound judicial discretion of the trial court, and an order refusing a new trial on that ground will not be disturbed on appeal, in the absence of a plain abuse of discretion. Wulfsohn v. Russo-Asiatic Bank, 9 Cir., 11 F.2d 715; Streckfus Steamers, Inc. v. Shuttleworth, 4 Cir., 86 F.2d 327; Morton Butler Timber Co. v. United States, 6 Cir., 91 F.2d 884; Weiss v. United States, 5 Cir., 122 F.2d 675. And it is equally well settled that an application for new trial based upon that ground is not regarded with favor and will be granted with great caution. Bonness v. United States, 9 Cir., 20 F.2d 754;

Weiss v. United States, supra; * * *." [139 F.2d 654.]

■ The prevailing rule is thus stated in 23 C.J.S. Criminal Law § 1453, supra:

"The granting or the refusal of the motion rests very largely in the sound discretion of the trial court, the prime consideration being whether or not substantial justice has been done, and, in the absence of an abuse of such discretion, its ruling will not be interfered with by appellate tribunals. The courts, however, have always listened distrustfully to the claim of newly discovered evidence, and as a ground for a new trial it is not favored."

■ It is urged in the briefs of defendants that the question of the credibility of witnesses and the weight to be given to their testimony is exclusively a function of the jury and cases are cited wherein the court in its instructions to the jury invaded the province of the jury as to this function. This rule, however, is applicable only where the issue is tried to a jury. In issues tried to the court it is the function of the court to determine the issues of fact and the credibility of testimony. A motion for new trial on the ground of newly discovered evidence is heard by the trial judge and it is his function to determine the credibility of all evidence that may be produced. 23 C.J.S. Criminal Law § 1461, p. 1253; United States v. Peller, D.C.N.Y., 151 F.Supp. 242; Johnson v. United States, 8 Cir., 32 F.2d 127. The rule is succinctly stated in 23 C.J.S. Criminal Law § 1461, supra, thus:

"The trial court has the right to determine the credibility of newly discovered evidence for which a new trial is asked, and if the court is satisfied that, on a new trial, such testimony would not be worthy of belief by the jury, the motion should be denied."

■ It is further argued that the court did not get the "feel of the case" because the witness, Schwimmer, did not appear on the witness stand and his demeanor could not have been observed by the court. In this case the testimony of the witness was secured by the answers to direct and cross interrogatories. The short answer to this argument would seem to be that the procedure in this case was not exceptional as the general practice is to support motions for a new trial on the ground of newly discovered evidence by affidavit. The court had before it and was familiar with every syllable of the questions and answers of this witness, and the court also had before it affidavits as to the witness's mental and physical condition, and the court had had unusual occasion and opportunity to be familiar with all the testimony that had been presented in the trial of this case. This court in Johnson v. United States, supra, announced a formula for testing the sufficiency of evidence warranting the granting of a new trial on the ground of newly discovered evidence. This may be summarized as follows: (a) the evidence must be in fact newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

■ There was evidence which would have warranted the court in finding the witness incompetent to testify because of his physical and mental condition. The court, however, resolved that conflict in favor of defendants but held that the evidence was to a considerable extent simply corroborative of the testimony given at the trial or was in contradiction to certain testimony given at the trial, that the witness by his own testimony had committed perjury in his testimony before the Grand Jury, that he was under indictment for perjury and in effect that his testimony was not worthy of belief. The findings of the court on this

hearing should not be disturbed unless clearly erroneous and we think they are sustained by substantial evidence. In United States v. Johnson, supra, it is said:

"Since we think it important for the orderly administration of criminal justice that findings on conflicting evidence by trial courts on motions for new trial based on newly discovered evidence remain undisturbed except for most extraordinary circumstances, we granted certiorari." [327 U.S. 106, 66 S.Ct. 466.]

In deciding this motion the court, as was its function, determined that the evidence offered, so far as material, was incredible. After reviewing the evidence presented, the court's conclusions are reflected in the closing paragraphs of its decision, which reads as follows:

"The Court has not attempted to review herein all of Schwimmer's testimony, but it seems evident that, notwithstanding his general denial of any intentional wrongdoing .on his part or on the part of Connelly and Caudle as charged in the indictment, his conduct as disclosed by the record speaks far more persuasively in that regard. From the outset it is apparent that, in the Sachs case, he was, in common parlance, the 'fixer'. His approach to the Sachs case was to ingratiate himself with high government officials by any means which would bring about a favorable result for his client. He was not a tax lawyer and knew that he had no defense in the Sachs tax fraud, although for a time he did urge a wholly unsupported contention that there had been a voluntary disclosure. He was the arch conspirator in the scheme and plan condemned by the jury in its verdict against these defendants. He is an admitted perjurer. His motives from the beginning were venal and corrupt. No other explanation can be made for his purchase of the oil royalties for the two top government officials with whom he was dealing. It is simply incredible that the offering of the fragmentary deposition testimony of this discredited witness in support of the defendants' alleged innocence could possibly have the weight and effect of producing an acquittal for these defendants, or either of them. In fact, they would have a far better opportunity to obtain a favorable verdict from a jury without attempting to utilize as a crutch the aid of one whose alignment with them could have no other effect than to poison the minds of a jury against them. I have a strong conviction that the motions for a new trial on the ground of the newly discovered evidence of Schwimmer is merely a vehicle utilized by the defendants to obtain another trial, rather than to use his testimony in their behalf with the expectation that, in light of the present record, it would have sufficient weight with a jury to bring about an acquittal. It seems inconceivable that the additional evidence of the one who spawned the plan and scheme to corrupt government officials could have any weight in producing a verdict other than that which was returned by the jury."

We have not attempted to reproduce the testimony embodied in the deposition of Schwimmer. We have, however, examined it with great care and we are familiar with the record embodying the testimony produced on the trial of this case, having twice reviewed it. From the knowledge thus gained we are of the view that the trial court properly evaluated it and that there was no abuse of its judicial discretion in denying the motion for new trial on the ground of newly discovered evidence. The order appealed from is therefore affirmed.