James F. BELL, Appellant,

v.

SWIFT & COMPANY, Appellee.

No. 18194.

United States Court of Appeals
Fifth Circuit.

Nov. 9, 1960.

Nicholas S. Hare, Monroeville, Ala., for appellant.

Sam W. Pipes, III, Mobile, Ala., for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The sole issue on this appeal is whether the district court erred in not requiring the defendant to answer interrogatories propounded by the plaintiff.

■ A lawsuit is not so rule-bound that one side wins whenever the other side breaks a rule. To succeed in an appeal based on an infraction of the rules, the appellant must show that the infraction was a substantial error prejudicing the appellant's case. Here, it may be said that the district court erred in refusing to require the defendant-appellee to answer interrogatories the plaintiff-appellant propounded. But the error, if any, raises only academic questions bearing on a fair and orderly system of justice. The appellant has not shown that he was hurt by the error. Accordingly, we are compelled to affirm.

James F. Bell, plaintiff-appellant, was injured seriously in an automobile accident. He was a passenger in a car driven by one Rufus Garrett. As Garrett pulled from the highway into a driveway, an automobile, owned by Swift & Company and driven by James F. Sawyer, ran into the side of Garrett's car. Bell suffered a fractured skull, and an injury to the brain, among other injuries, and was unable to testify as to the details of the accident.

Long in advance of the trial, the plaintiff propounded sixty written interrogatories to the defendant.[1] The defendant neglected or deliberately refused to answer them. On motion of the plaintiff, the district court ordered the defendant to answer the interrogatories. Several weeks before this order was entered, the plaintiff took the oral deposition of Sawyer, the driver of the defendant's car. Sawyer was the only witness the defendant had who knew anything at all about the accident. The defendant moved to set aside the district court's order requiring answers to the interrogatories on the ground that answering the interrogatories was an unnecessary harassment and burden. The district court granted the defendant's motion.

The defendant filed its answer to the complaint on the day of the trial. In the answer Swift & Company admitted that Sawyer was an employee of the company and, at the time of the accident, was acting within the scope of his employment.

Of the sixty interrogatories propounded, Swift & Company, as distinguished from its employee Sawyer, was in a position to answer only two questions. One of these asked whether James Sawyer was acting as the servant, agent, or employee of the defendant on the occasion of the accident. The other asked for the names of any other witnesses known to the defendant. All of the other questions pertained to facts directly relating to the accident, such as the date of the accident, time of day, condition of the road, and signals given.

Any issue as to whether Sawyer was an employee or agent of the defendant's was resolved by the defendant's admission in its pleadings. As for the names of witnesses, the plaintiff knew from the deposition that Sawyer was the defendant's only witness who could testify in regard to the facts directly relating to the accident.

No doubt, the defendant's procrastination or, perhaps, deliberate refusal to answer the interrogatories was annoying to the plaintiff. No doubt, the defendant's counsel might have saved the plain-

---

1. Dates have a bearing on the point at issue. The accident occurred January 13, 1958. The plaintiff propounded his interrogatories October 18, 1958. November 14, 1958, the plaintiff moved to require the defendant to answer the interrogatories. December 8, 1958, the plaintiff took Sawyer's deposition. December 31, 1958 the district court ordered the defendant to answer the interrogatories. January 7, 1959, the defendant moved to set aside the order requiring answers to the interrogatories. May 21, 1959, the district court granted the defendant's motion and rescinded the order. September 10, 1959 the trial began.

tiff's counsel time and trouble by promptly answering the interrogatories. But the trial court found, *at the time of the hearing on the plaintiff's motion,* that it was a useless and unnecessary burden on the defendant to answer the interrogatories. We find that the ruling in no way touched material issues in the case to the prejudice of the plaintiff's securing a fair trial.

Nevertheless, our interest in the orderly administration of justice impels us to comment on the issue raised by this appeal.

■ As this appeal demonstrates to the parties litigant and to the trial judge, it is still true that the longest way round may be the shortest way home. Rule 33, F.R.Civ.P., 28 U.S.C.A., requires a defendant to answer interrogatories even after his deposition has been taken. Like other discovery rules, it should be given a broad, liberal construction in order to provide the parties with the fullest possible knowledge of the facts and to clarify and narrow the issues. Here, for example, the possibility that Sawyer was not the defendant's agent or employee, or, if so, was not acting within the scope of his employment—an issue always present in such cases as the instant case —could have been eliminated long before the case came up for trial. In this regard, Sawyer's deposition was no help to the plaintiff, because Sawyer's statement as to his employment could not bind Swift & Company.

■ Rule 26(b), governing the scope of the interrogatories, provides expressly that discovery may be had concerning "the identity and location of persons having knowledge of relevant facts". One of the purposes of this provision is to allow all parties equal access to the relevant facts. The negative information the plaintiff might have obtained that Sawyer was the defendant's only witness who had access to the facts was information the plaintiff was entitled to have. Although a defendant, according to the weight of authority, is not required to state the names and addresses of witnesses he proposes to introduce at trial, he is required to disclose the names and addresses of persons "having knowledge of relevant facts". See 4 Moore's Federal Practice § 26.19, p. 1075 and cases there cited.

■ We note that in the instant case the interrogatories were served on the defendant on October 18, 1958. Sawyer's deposition was not taken until December 8, 1958. The answers to the interrogatories undoubtedly would have been helpful in the examination of Sawyer. The plaintiff was entitled to the benefit of answers to the interrogatories. It appears to us that the defendant flouted rules carefully wrought to enable lawyers to narrow the issues and to prepare their cases in an orderly manner. The rules are in the interest of the administration of justice and transcend in importance mere inconvenience to a party litigant.

■ Rule 33, like other discovery rules, should be given a broad, liberal interpretation. But, as under other discovery rules, the trial court has a reasonable discretion whether to allow discovery under Rule 33. Newell v. Phillips Petroleum Co., 10 Cir., 1944, 144 F.2d 338, 340; National Bondholders Corp. v. McClintic, 4 Cir., 1938, 99 F.2d 595 (taking of deposition); United States v. Kohler Co., D.C.1949, 9 F.R.D. 289. We think that the trial judge erred in not requiring the defendant to answer the plaintiff's interrogatories. But we are bound to disregard any technical errors or defects which do not affect the substantial rights of the parties. Rule 61, F.R.Civ.P. The trial was conducted properly throughout, the jury heard all the evidence, and the plaintiff had a fair and full hearing. The burden of proving substantial error and prejudice is upon the appellant. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, rehearing denied 318 U.S. 800, 63 S.Ct. 757, 87 L.Ed. 1163. Since the appellant has not shown that the error of the trial court resulted in substantial prejudice to him, the decision of the lower court is

Affirmed.