Maizie Boling EDGAR, Appellant,

v.

Deborah FINLEY, a minor, by Edward
Finley, her next friend, Appellee.

No. 17068.

United States Court of Appeals
Eighth Circuit.

Jan. 17, 1963.

Rehearing Denied Feb. 11, 1963.

Samuel Richeson, of Dearing, Richeson & Weier, Hillsboro, Mo., for appellant.

William H. Corcoran, of Walsh, Hamilton & Corcoran, St. Louis, Mo., for appellee.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

This diversity case, removed to the United States District Court, arose from an automobile collision in which plaintiff, Deborah Finley, a minor, was injured while riding as a passenger in an automobile that was being operated by her mother, Joan Finley. A jury awarded plaintiff $15,000 as damages, and from the judgment entered on the verdict, defendant has appealed.

In issue are: (1) whether the court committed prejudicial error in sustaining objections of plaintiff to interrogatories propounded by defendant; and (2) whether the court abused its discretion in denying defendant's motion for a new trial on the ground of newly discovered evidence. A brief resume of the proceedings which are focused upon the events giving rise to the appeal will suffice.

On September 30, 1960, defendant propounded interrogatories to plaintiff, requesting the identity and location of persons known to plaintiff or to anyone acting for her, "having knowledge of relevant facts with respect to the accident collision out of which the pending litigation arose."[1] In objections to the interrogatories, plaintiff admitted knowledge of the name and address of "a person who arrived at the scene of the collision in question shortly after its occurrence" but claimed the information so possessed was privileged because it was received by plaintiff's attorney from another attorney "under the condition and promise that he [plaintiff's attorney] would not disclose the same to the Defendant herein or her attorneys."

On March 7, 1961, the court sustained plaintiff's objections to the interrogatories, citing as authority for its action O'Brien v. Equitable Life Assurance Society of United States, D.C., 13 F.R.D. 475 (1953), and Pacific Intermountain Express Co. v. Union Pacific Railroad Co., D.C., 10 F.R.D. 61 (1950).

The critical issue in controversy at the trial, commenced on March 6, 1961, was whether the Finley automobile, proceeding southwardly, was to the west (right) of the center line of the four lane concrete highway at the time of the collision with defendant's automobile. Plaintiff's mother testified that the collision occurred on her side of the highway, whereas defendant testified that she was to the right of the center line as she was proceeding northwardly on the highway, and that plaintiff's automobile crossed the center line and then collided with her automobile. Since there was other evidence tending to corroborate defendant's version of the accident, the question of defendant's fault or liability was a close one and could have been resolved in favor of either party.

Issue No. 1—the court's action in sustaining objections to the interrogatories on the claimed basis of privilege may be disposed of without extended discussion.

---

1. Prior interrogatories filed by defendant and answered by plaintiff are not brought into question.

While the trial court is vested with reasonable discretion in determining whether discovery is to be allowed, Wray M. Scott Company v. Daigle, 8 Cir., 309 F.2d 105, 110 (1962); Bell v. Swift & Company, 5 Cir., 283 F.2d 407 (1960), it is no longer open to debate that the discovery rules should be given a broad, liberal interpretation. The Supreme Court made this clear in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) in this language:

> "We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." 329 U.S. at 507, 67 S.Ct. 392.

There are, of course, limitations upon the right to obtain evidence and information through the discovery processes. Rule 33, Fed.R.Civ.P., which authorizes the filing of interrogatories, provides in part that the "[i]nterrogatories may relate to any matters which can be inquired into under Rule 26(b) * * *" and Rule 26(b) expressly provides that "[u]nless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * * including * * the identity and location of persons having knowledge of relevant facts." What is or is not privileged matter within the meaning of the rules had been the subject of considerable concern by the courts until clarified in the Hickman case, supra. There, in considering whether statements taken by an attorney in the investigation of the sinking of a tug fell within the category of privileged matter, the court stated:

> "But discovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege.

> "We also agree that the memoranda, statements and mental impressions in issue in this case fall outside the scope of the attorney-client privilege and hence are not protected from discovery on that basis. It is unnecessary here to delineate the content and scope of that privilege as recognized in the federal courts. For present purposes, it suffices to note that the protective cloak of this privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation." 329 U.S. 507–508, 67 S.Ct. 392.

For an exhaustive treatment of privilege as related to the discovery process, including many cases decided subsequent to Hickman, see 4 Moore, Federal Practice, § 26.19 et seq., pp. 1075–1150 (2d ed. 1950). Of the numerous cases we have examined, none of them furnishes a sufficient basis for sustaining the trial court's action in this case, whereas the following, among others that could be cited, satisfy us that the information which plaintiff refused to divulge was not privileged or immune to discovery for any other valid reason. Bell v. Swift & Company, supra, 283 F.2d 407; Stonybrook Tenants Ass'n Inc. v. Alpert, D. Conn., 29 F.R.D. 165 (1961); McNeice v. Oil Carriers Joint Venture, E.D.Pa., 22 F.R.D. 14 (1958); Knab v. Pennsylvania R. Co., W.D.Pa., 12 F.R.D. 106 (1952); Floe v. Plowden, E.D.S.C., 10 F.R.D. 504 (1950). If the claim of privilege may be successfully invoked, as it was here, on the basis that the names of witnesses

were furnished to an attorney representing the party to whom the interrogatories are directed, *in confidence*, the discovery provisions would, to a marked degree, be effectively nullified.

■■ Without further discussion, we hold that defendant was, as a matter of right, entitled to the information sought through the discovery procedure and that the court abused its discretion in sustaining the objections to the interrogatories.

Plaintiff makes no serious attempt in this court to sustain the court's action, rather the argument is advanced that defendant was not prejudiced because of the court's ruling on the interrogatories and that at best the error should be regarded as harmless.

■ Agreeing that the decisive question in this controversy relates to whether the court's error was prejudicial to defendant, we feel it necessary to briefly state additional facts pertinent to this issue. Defendant filed an after-trial motion for judgment or in the alternative for a new trial, the latter premised partially upon the court's action in sustaining plaintiff's objection to interrogatories and partially upon the basis of newly discovered evidence. The motion for new trial was supported by affidavit of defendant's counsel which alleged that he learned from an insurance adjustor for the first time on the morning of the trial and immediately prior to its commencement, that the adjustor had the names and addresses of three eyewitnesses to the collision who had seen the car in which plaintiff was riding go out of control, cross the center line, and collide with defendant's automobile which was on the proper side of the highway. The adjustor was employed by an insurance company that insured an automobile that was struck by the automobile in which plaintiff was riding after its collision with defendant's vehicle. The affidavit further alleged that the adjustor refused to comply with defendant's counsel's request for the names and addresses of the witnesses. Plaintiff has never denied that she had the names and addresses

of these witnesses at the time she refused to answer defendant's interrogatories, and, indeed, the record furnishes a sufficient basis for us to infer that plaintiff possessed such information.

After the trial, defendant caused a subpoena duces tecum to be issued directing the adjustor to appear at a hearing on the motion for new trial on March 27, 1961, and to divulge at that time the names and addresses of the three eyewitnesses. At the hearing, the adjustor appeared with personal counsel, filed a motion to quash the subpoena duces tecum, and, along with plaintiff's counsel, objected to interrogation concerning the three witnesses. The court postponed ruling upon the motion and the objection pending the filing of memoranda by the parties and further analysis by the court. Six months later, on September 28, 1961, the court overruled objections to the subpoena duces tecum, and directed the adjustor to furnish defendant's counsel with the names of the eyewitnesses, and on October 10, 1961, modified the order to also require the submission of their addresses. Thereafter defendant's counsel promptly obtained the depositions of two of these witnesses who testified, in summary, that they were riding in an automobile proceeding northwardly immediately ahead of defendant's vehicle when they saw the southbound automobile in which plaintiff was a passenger go out of control, swerve across the center line narrowly missing their car, and then collide with defendant's automobile in the lanes provided for northbound traffic. Approximately four months lapsed between the date on which these depositions were filed and March 16, 1962, the date on which the trial judge entered an order denying defendant's motion for a new trial.

■ We are cognizant of the rule applicable in both civil and criminal cases that a motion for new trial on the ground of newly discovered evidence is viewed with disfavor, is addressed to the sound discretion of the trial court, and that a trial court's decision on the motion will not be reversed on appeal except for clear

abuse of discretion. Ferina v. United States, 8 Cir., 302 F.2d 95 (1962); Connelly v. United States, 8 Cir., 271 F.2d 333 (1959), cert. denied, 362 U.S. 936, 80 S.Ct. 755, 4 L.Ed.2d 750 (1960); Johnson v. Cooper, 8 Cir., 172 F.2d 937 (1949); Campbell v. Clark, 10 Cir., 271 F.2d 578 (1959); Barrington v. Swanson, 10 Cir., 249 F.2d 640 (1957). Nonetheless, we are firmly convinced that this case presents one of the rare instances in which the trial court did abuse its discretion.

■ In Kithcart v. Metropolitan Life Insurance Co., 8 Cir., 119 F.2d 497, 500 (1941), cert. denied, United States ex rel. Kithcart v. Gardner, 315 U.S. 808, 62 S. Ct. 793, 86 L.Ed. 1207 (1942), this court reiterated the standard announced in Johnson v. United States, 8 Cir., 32 F.2d 127, 130 (1929), for testing the sufficiency of evidence warranting the granting of a new trial on the ground of newly discovered evidence, as follows:

"There must ordinarily be present and concur five verities, to wit: (a) The evidence must be in fact, newly discovered, i. e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on, must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal."

The only requirement of this test that is seriously challenged by plaintiff in this case relates to the amount of diligence exercised by defendant. Plaintiff asserts that defendant lacked diligence in that she had the names and addresses of the witnesses within her reach at least four months prior to trial, that she actually learned of their existence immediately prior to the trial, and that she failed to question the adjustor as to their names and addresses when he took the stand at the trial or to bring the matter to the attention of the court. Although we realize that defendant cannot prevail on this appeal if she was dilatory, Ferina v. United States, supra, 302 F.2d 95; Connelly v. United States, supra, 271 F.2d 333; Buder v. Fiske, 8 Cir., 174 F.2d 260 (1949), modified and rehearing denied, 177 F.2d 907 (1949); Martino v. Holzworth, 8 Cir., 158 F.2d 845 (1947); Moylan v. Siciliano, 9 Cir., 292 F.2d 704 (1961); Barrington v. Swanson, supra, 249 F.2d 640; Kansas City Southern Railway Company v. Cagle, 10 Cir., 229 F.2d 12 (1955), cert. denied, 351 U.S. 908, 76 S.Ct. 697, 100 L.Ed. 1443 (1956), we believe that under the unusual circumstances here involved defendant employed sufficient diligence.

■ Well in advance of the trial, defendant's counsel on two separate occasions filed interrogatories requesting the identity and location of witnesses known to plaintiff, and who had information pertinent to the collision. Although it is not disputed that plaintiff had knowledge of the eyewitnesses at the time of receiving the second set of interrogatories, plaintiff's objections to answering them referred only to *a* witness who arrived at the scene of the accident *after* the collision, and thus were misleading to defendant.[2] In fact, the record indicates that

2. At the hearing on the motion for a new trial, plaintiff's counsel questioned defendant's counsel as to why he hadn't taken the adjustor's deposition in the latter part of 1960 to ascertain the name and address of the eyewitness after learning that plaintiff's counsel had obtained such information from the adjustor. Defendant's counsel replied:

"At the time I had been led to believe by you that the witness, of which you said you had information, was a person who had come upon the scene of the accident after it had occurred, and I had through my own investigation secured the name of such a witness, and I erroneously concluded that the witness about whom the motion is pending today and the witness whose name I had secured by my investigation was the same person, and I did not learn until March 6th [1961] that there was another witness or witnesses whose names I had not been given and whose names I am now seeking to get."

defendant's efforts to obtain the desired information were not only thwarted by plaintiff's violation of the spirit as well as the letter of the applicable discovery rules, but also that the court's action contributed to the violation. Perhaps after discovering the existence of the witnesses on the morning of the trial, defendant should have again brought the matter to the attention of the court. However, in view of the court's delay in ruling upon the objections to the interrogatories until the day of the trial at which time the objections were sustained, and in view of the persistent obstruction by both plaintiff and the adjustor and the court's extended delay in requiring the names and addresses to be given to defendant after the trial, the conclusion is justified that presenting the question to the court on the day of the trial would have been a useless effort, and that defendant should not be denied a new trial on the ground that her counsel was dilatory.

Since the newly discovered evidence in this case is highly relevant to the central issue and is of such a nature that added to the evidence previously submitted to the jury, it could reasonably serve to change the verdict, we cannot allow the judgment to stand. See Irvin v. Buick Motor Co., 8 Cir., 88 F.2d 947 (1937), cert. denied, 301 U.S. 702, 57 S. Ct. 932, 81 L.Ed. 1357 (1937), rehearing denied, 302 U.S. 773, 58 S.Ct. 6, 82 L. Ed. 599 (1937). The trial judge's error in this case in not requiring plaintiff to answer the interrogatories and in then failing to grant a new trial was not a mere technical defect that had no effect upon the substantial rights of defendant. See Bell v. Swift & Company, supra, 283 F.2d 407. Where a review of material evidence newly discovered after a trial clearly indicates that substantial justice was not done, and where the non-prevailing party was not dilatory in failing to discover such evidence before trial, a proper motion for a new trial should be granted. See Ferina v. United States, supra, 302 F.2d 95, 107–108; Connelly v. United States, supra,

271 F.2d 333, 334–335; Campbell v. Clark, supra, 271 F.2d 578. Under the circumstances of this case, we unhesitatingly hold that substantial justice was not done and that the triers of fact should have an opportunity to resolve the issues presented with *all* of the admissible and pertinent evidence before them.

Accordingly, we reverse and remand the case for a new trial.