Eugene Ruben McCROSKEY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17653.

United States Court of Appeals Eighth Circuit.

Jan. 12, 1965.

Lewis E. Pierce, of Simon & Pierce, Kansas City, Mo., made argument for appellant and filed brief.

Joseph P. Teasdale, Asst. U. S. Atty., Kansas City, Mo., made argument for appellee and filed brief with F. Russell Millin, U. S. Atty., Kansas City, Mo.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

PER CURIAM.

Eugene Ruben McCroskey was indicted and, upon a plea of not guilty, was convicted by a jury of a violation of 18 U.S.C. § 2314 (causing the interstate transportation, with fraudulent intent, of a falsely made and forged check). He thereafter filed, under Rule 33, F.R. Cr.P., a timely motion for a new trial based on the ground of newly discovered evidence. Judge Oliver, who had tried the case, denied this motion and imposed a sentence of two years. McCroskey ap-

peals from both the judgment and the denial.

No challenge is now made to any feature of the trial or to the sufficiency of the evidence to support the verdict. The appeal is restricted, instead, solely to the trial court's denial of the new trial motion.

The charge against the defendant was the cashing at Kansas City, Missouri, on or about May 11, 1963, of a $228.02 check, dated May 11, made payable to Cricket West, a clothing store, drawn on the Citizens and Southern National Bank, Atlanta, Georgia, and signed in the name of Glenn E. Neal. The signature was not that of the real Glenn E. Neal who owned the account. Neal's personalized checkbook had been taken during an Atlanta burglary on April 15.

At the trial two employees and the manager of Cricket West all positively identified McCroskey as the person who cashed the check. No evidence was offered on behalf of the defendant. McCroskey was represented both at the trial and on this appeal by retained counsel of his own choice.

The claim of newly discovered evidence rests upon an affidavit taken subsequent to the conviction from James Walter Cherry at the county jail in Birmingham, Alabama. In this affidavit Cherry states that on or about May 10, 1963, he had in his possession certain credit and identification cards made out in Neal's name and Neal's personal checks from the Citizens and Southern National Bank; that about that date in Kansas City, Missouri, he met a man he had previously known when both were inmates of the Oklahoma State Penitentiary; that this man, on seeing the Neal cards and checkbook, asked if he could use them; that Cherry granted the request; that on May 12 the man showed him merchandise he had purchased through the use of the cards and checkbook; that this man was not McCroskey; that Cherry never gave McCroskey any Neal cards or checkbook at any time; that the cards and checkbook had never been out of his possession except for two or three days when the other man had them; that he had not seen the man since that time; that he would be willing so to testify and "state that Gene McCrosky never had possession of my Glenn E. Neal identification cards and check book and therefore could not have been the man who wrote a check to Cricket West in Kansas City, Mo. on about May 11, 1963, using the identification of Glenn E Neal,"; and that he would be willing to take a lie detector test in reference to the truth of these statements.

By his motion the defendant also expressed a willingness himself to take a lie detector test "to establish his innocence". The court allowed an independent test of this kind to be performed. At the hearing on the motion the defense was permitted to present the report from the polygraph examiner. This stated (a) that on March 28, 1964, the defendant voluntarily submitted to the examination; (b) that at this examination he denied being at Cricket West within the past two years, denied being there in May 1963, denied cashing the check there at that time, denied ever having in his possession a $228 check on the Citizens and Southern National Bank, and denied ever cashing a check drawn on that bank; (c) that there were no emotional disturbances indicative of deception in the defendant's polygraph records; and (d) that in the examiner's opinion based on those records the defendant was telling the truth.

Such is the defendant's case on this appeal.

In support of its opposition to the motion for a new trial the government submitted to the district court a later affidavit taken from Cherry. In it Cherry repeated that he did not give the Neal cards and checks to McCroskey at any time. But he also stated that he did not recall to whom he did give them and that "there were several people who could have used the Glenn E. Neal checks and identification without my knowledge".

█ The defense concedes, as it must, that its motion for new a trial

based on newly discovered evidence is addressed to the sound discretion of the trial court, and that the applicable standard on appellate review is whether that discretion has been abused. Ferina v. United States, 302 F.2d 95, 108 (8 Cir. 1962), cert. denied 371 U.S. 819, 83 S.Ct. 35, 9 L.Ed.2d 59; Connelly v. United States, 271 F.2d 333, 334 (8 Cir. 1959), cert. denied 362 U.S. 936, 80 S.Ct. 755, 4 L.Ed.2d 750; Edgar v. Finley, 312 F.2d 533, 536–537 (8 Cir. 1963). The Supreme Court has said, "While a defendant should be afforded the full benefit of this type of rectifying motion, courts should be on the alert to see that the privilege of its use is not abused." United States v. Johnson, 327 U.S. 106, 113, 66 S.Ct. 464, 467, 90 L.Ed. 562 (1946).

Thirty-five years ago, this court, in Johnson v. United States, 32 F.2d 127, 130 (8 Cir. 1929), listed five requirements generally recognized for the granting of a new trial for newly discovered evidence: the evidence must in fact be newly discovered since the trial; facts must be alleged from which the court may infer diligence; the evidence must not be merely cumulative or impeaching; it must be material; and it must be such that, on a new trial, it "would probably produce an acquittal". We have repeatedly recognized these in recent cases. Ferina v. United States, supra, p. 107 of 302 F.2d; Connelly v. United States, supra, p. 335 of 271 F.2d; Edgar v. Finley, supra, p. 537 of 312 F.2d.

■ Even if we were to assume, for the moment, that the evidence proffered by the first Cherry affidavit satisfies the first four of the five stated requirements, it nevertheless obviously flounders on the fifth for, indeed, it is not evidence which would probably produce an acquittal. The first affidavit contains, it is true, a denial that Cherry released the Neal articles to McCroskey, but it also contains a positive statement that he allowed them to pass into the hands of another unnamed person. Although the affidavit recites that McCroskey never had possession of the material, there is nothing to support or explain Cherry's ability and authority to make that statement. He could not have known whether his acquaintance passed the articles on to someone else. The recital, therefore, is only an unsupported and unexplained naked assertion. At the appellate argument defense counsel conceded that it was not possible for Cherry affirmatively to have known that McCroskey never had possession of the articles. Cherry's second affidavit destroys what little significance, if any, the first may have possessed for he therein states that he cannot remember to whom the articles were given and he concedes that there were persons who could have used them without his knowledge. The two affidavits together thus add up to very little. They fade into insignificance in the light of the facts that there were three eye witnesses who, both at the trial and after the filing of the motion, identified McCroskey as the casher of the check.

We necessarily conclude, therefore, that the motion, insofar as it rests on the first Cherry affidavit and its contents, is frivolous, and certainly is not of such stature that its denial is legal error.

■ The added detail as to the defendant's polygraph contributes nothing. This court said, in Aetna Ins. Co. v. Barnett Bros., 289 F.2d 30, 34 (8 Cir. 1961), "It is well settled that even in a criminal case the results of a so called lie detector test are not admissible * * *." To the same effect are Marks v. United States, 260 F.2d 377, 382 (10 Cir. 1958), cert. denied 358 U.S. 929, 79 S.Ct. 315, 3 L.Ed.2d 302; Frye v. United States, 54 App.D.C. 46, 293 F. 1013 (1923); and United States v. Stromberg, 179 F.Supp. 278, 279–280 (S.D.N.Y.1959). See, generally, 3 Wigmore, Evidence, § 999 (3d ed. 1940), and 23 A.L.R.2d 1306, 1308.

In any event, the result of a polygraph test of the defendant himself hardly qualifies as evidence newly discovered since the trial or as evidence not earlier available by the exercise of proper diligence. The defendant at all times was at hand to assist his own cause.

898

The trial court's denial of the motion for a new trial was not an abuse of its discretion. The defendant has had a fair trial. "Substantial justice" does not require that he have a second one.

Affirmed.