### CAMPBELL v. BEEM, et ux.
No. 158731.
Circuit Court, Hillsborough County.
September 6, 1967.

William Wagner of Wagner, Cunningham & Vaughan, Tampa, for plaintiff.

Sheldon J. Gensler, Sarasota, for defendants.

ROBERT W. PATTON, Circuit Judge.

The above entitled cause came on to be heard before this court on August 8, 1967 upon the objection filed by the plaintiff to interrogatory no. 80 of the additional interrogatories to plaintiff. There were present at said hearing William Wagner, Esq. of Wagner, Cunningham & Vaughan, attorneys for the plaintiff, and Sheldon Gensler, Esq., attorney for defendants. The court heard the arguments of counsel for the respective parties and granted each of them additional time to submit any authorities pertinent to the question involved. The court received from Mr. Gensler a letter dated August 11th, 1967 setting forth authorities and later received a letter dated August 15th, 1967 from Mr. Wagner setting forth authorities. Each of these letters have been filed in the court file in this action. The court has considered the arguments of counsel and the authorities submitted by them.

Interrogatory no. 80 of the additional interrogatories to plaintiff propounded by the defendants is as follows —

> "State the names and addresses of all persons from whom you or your attorney or anyone on your behalf have obtained written statements concerning your accident."

It was agreed by the attorneys at the hearing that the plaintiff had previously submitted to the defendants the names of all persons known to him to have knowledge of the accident.

When questioned as to the purpose of the interrogatory, Mr. Gensler stated that the defendants desired to know whether or not any persons who might be called as witnesses had previously given written statements to the plaintiff — so as to be forewarned of the possibility of the use of such written statements for impeachment purposes.

Both of the attorneys have stated that they have been unable to find any case in point either in the state of Florida or elsewhere. This court has made an effort, in the limited time available, to find any federal decisions which might be helpful, and has found the following cases —

> O'Brien v. Equitable Life Assurance Society of the United States (United States District Court, Western District of Missouri), 13 F.R.D. 475.

This decision was rendered on February 16th, 1963 and included therein is the following statement —

"Interrogatory No. 6 asks if written statements were obtained, and to furnish the names of the persons whose statements were thus obtained. Clearly the defendant would have a right to prepare its case without disclosing in what manner it made its preparation and whether it had written statements or did not have written statements from individuals who might have known something about the facts."

McDonald v. Prowdley (United States District Court, Western District of Michigan), 38 F.R.D. 1.

This decision was rendered August 17th, 1965, and is concerned with a motion for the production of certain written statements, and while this is not the situation presently before this court, this following language contained in the decision has some relevancy —

"Production is not ordinarily granted merely to help in the examination of witnesses. (citation) And presumably this would extend to the purpose of impeachment, for which purpose plaintiffs wish to examine the statements of Robert Wayne Prowdley and Barbara Landis."

In a later paragraph of this opinion the following language is contained —

"Since the deposition of Barbara Landis has not been taken, there is no showing of a possible inconsistency in her testimony, and this court is of opinion that discovery of her statement for impeachment purposes, when nothing now exists to be impeached, would be too great an extension of the 'good cause' requirement, under the facts of this case."

It is to be noted that in the case now under consideration before this court, there has not been any showing that the defendants have taken the deposition of any witness or witnesses.

The Guilford National Bank of Greensboro v. Southern Railway Company, 297 F. 2d, 921.

This is a decision of the United States Court of Appeals, Fourth Circuit, January 4th, 1962, and deals with the refusal of the defendant to produce written statements of witnesses. This is likewise a decision not involving the specific question before this court, but some of the language contained in the decision appears to be relevant, same being as follows —

"We are not unmindful that one important purpose of discovery is to disclose all relevant and material evidence before trial in order that the trial may be an effective method for

arriving at the truth and not 'a battle of wits between counsel.' (citation) Doubtless, written statements of witnesses, if placed in the hands of opposing counsel, could aid him in preparing his case because this would give him a specific indication of the forthcoming testimony and a basis for impeachment if a witness departed from his prior statements. There is also the possibility that counsel would gain information opening up new areas for investigation before trial. However, these considerations must have been before the Advisory Committee that drew up the Rules and the Supreme Court when it adopted them. It is noteworthy that, while the Advisory Committee in 1955 urged deletion of the good cause requirement, the Supreme Court did not act on the recommendation." (citation)

In commenting on cases where production had been ordered of figures and technical details of business transactions, said court made the following statements —

"Such is not the situation where written statements of witnesses are involved because usually the desired information can be obtained by readily available discovery procedures, once the identity of the witnesses is learned."

A further statement in this opinion is also interesting, to-wit —

"Plaintiff's final contention is that the written statements are in the exclusive possession and control of the defendant. However, the unavailability of the statements themselves, while necessary if good cause is ever to be shown, does not by itself militate against the fact that the substance of the statements is discoverable by depositions or interrogatories, or perhaps by arranging for interviews with the witnesses.

"No other special circumstances are made to appear. This is not a case where the witnesses who gave the adversary their written statements are presently unavailable, (citation) or are shown to be hostile, (citation) or where the plaintiff is financially unable to conduct an independent investigation. (citation) Rather, this case comes within the rule laid down by Judge Maris for the Third Circuit in Alltmont v. United States, 177 F. 2d 971, 978 (3d Cir. 1950) —

" 'His counsel's natural desire to learn the details of his adversary's preparation for trial, to take advantage of his adversary's industry in seeking out and interviewing prospective witnesses, to help prepare himself to ex-

amine witnesses or to make sure that he has overlooked nothing are certainly not such special circumstances since they are present in every case.' "

There has been no showing in the case before this court that the defendants have made any effort to take the deposition of any of the persons whose names have been furnished to them by the plaintiff, or that such persons are not available for this purpose, or any other reason why the defendants could not question these witnesses directly as to whether any of them had given any written statements to the plaintiff or his attorney.

It is the opinion of this court that the defendants are not entitled to an answer to interrogatory no. 80 unless and until such time as the defendants can show facts which would justify the furnishing of such information to them.

It is therefore ordered that the plaintiff's objection to interrogatory no. 80, filed July 13, 1967, is hereby sustained, provided, however, that this order shall be without prejudice to the right of the defendants to submit such interrogatory at a later date if they can show good cause for requiring plaintiff to answer same.