898 F.2d 812
 283 U.S.App.D.C. 215
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
John L. CRAWFORD, Appellee,
and
Denise Crawford, Cross-Appellant,
v.
DOVER ELEVATOR COMPANY, Appellant/Cross-Appellee.
 No. 89-7088.
 United States Court of Appeals, District of Columbia Circuit.
 March 23, 1990.
 
 Before BUCKLEY, STEPHEN F. WILLIAMS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was heard on an appeal from the United States District Court for the District of Columbia. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by this court that the decision of the United States District Court from which this appeal has been taken is affirmed.
 
 
 3
 It is FURTHER ORDERED, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 John Crawford sued the Dover Elevator Co. for injuries he sustained while riding in an elevator that Dover allegedly installed and maintained in a negligent manner. The first jury to which his case was submitted awarded him damages approximately equal in amount to his medical expenses and lost wages; on retrial of the damage issue, a second jury awarded him substantial damages for his pain and suffering. Denise Crawford, John's wife, sought damages for her alleged loss of consortium as a result of his hospitalization and injuries; the first jury awarded her nothing, and the district court upheld that verdict.
 
 
 5
 The district court submitted the case to the jury on the theory of res ipsa loquitur and when the jury found Dover negligent the court denied the defendant's motion for JNOV. We affirm those rulings. Crawford's unrebutted evidence was sufficient to support a finding by the jury that "the defendant's negligence most probably caused the accident." Bell v. May Department Stores Co., 866 F.2d 452, 455 (D.C.Cir.1989).
 
 
 6
 Dover argues also that the district court should have allowed it to reopen discovery after granting the plaintiff a new trial with respect to damages. Because Dover has not claimed that it has suffered any harm as a result of the court's decision not to allow further discovery, FRCP 61 prevents our disturbing the district court's decision. See, e.g., Bell v. Swift & Co., 283 F.2d 407, 409 (5th Cir.1960).
 
 
 7
 Dover claims that the questions of liability and of damages were so related that the district should not have limited the new trial to the latter issue. In opposing Crawford's motion for a new trial limited to damages, however, Dover argued only that the initial jury's damage verdict was not contrary to the clear weight of the evidence; it did not assert, in the alternative, that if the district court granted a new trial on damages, it must also allow a new trial on liability. Because Dover failed to raise this issue at the appropriate time, we could reverse now only upon concluding that the district court's ruling was plain error, see, e.g., Anderson v. Group Hospitalization, Inc., 820 F.2d 465, 469 & n. 1 (D.C.Cir.1987), which it was not.
 
 
 8
 We do not address the district court's denial of Denise Crawford's motion for JNOV on her claim for loss of consortium. Not having moved for a directed verdict at the close of the evidence, she may not now seek a judgment notwithstanding the verdict. See FRCP 50(b).